STATE OF NORTH CAROLINA v. WILLIAM VON CUNNINGHAM

No. 8926SC630

(Filed 20 March 1990)

1. **Robbery § 4.4 (NCI3d) — attempted armed robbery — time gun was displayed — sufficiency of evidence**

In a prosecution for attempted armed robbery where defendant never took his gun out of his waistband but instead showed it to a cashier after she denied his request for money, then told the cashier to say nothing, and left the store, the trial court properly denied defendant's motion to dismiss where the evidence was sufficient to allow the jury to conclude that defendant's use or threatened use of his gun was concomitant with and inseparable from his robbery attempt.

**Am Jur 2d, Robbery §§ 5, 89.**

2. **Criminal Law § 86.4 (NCI3d)— credibility of defendant — cross-examination as to prior conviction — permissible extent of cross-examination — no prejudicial error**

In a prosecution of defendant for attempted armed robbery it was entirely proper to cross-examine defendant concerning the existence of his prior conviction of another property crime, and though it may have been improper to cross-examine him as to the date of his arrest, such limited inquiry did not rise to the level of prejudicial error necessary to require a new trial.

**Am Jur 2d, Evidence § 327.**

APPEAL by defendant from judgment entered 12 December 1988 by *Hyatt, J. Marlene, Judge,* in MECKLENBURG County Superior Court. Heard in the Court of Appeals 17 January 1990.

Defendant was charged with attempted robbery with a firearm or other dangerous weapon pursuant to N.C. Gen. Stat. § 14-87. The State's evidence tended to show that on 14 April 1988 a man, later identified as defendant, entered the Zayres store on Eastway Drive in Charlotte and approached one of the cashiers. Defendant laid a note on the counter directing her to give him all the money. When the cashier explained that she could not open the cash register without ringing up a sale, defendant responded by saying "I'm as scared as you are." Defendant then raised his shirt to reveal the butt of a revolver protruding above the waistband of his shorts, told the cashier not to say anything, and left the store. At some point during this exchange defendant picked up the note and returned it to his pocket.

At trial the court instructed the jury on attempted robbery with a firearm and attempted common law robbery. Defendant was convicted of attempted robbery with a firearm and received a 14-year sentence. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Jo Anne Sanford, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Teresa A. McHugh, for defendant-appellant.*

WELLS, Judge.

[1] Defendant first assigns as error the trial court's denial of his motion to dismiss the charge of attempted robbery with a firearm. Defendant contends that there was no evidence that he displayed, used, or threatened to use the gun during the course of the attempted robbery, but that the evidence showed that his gun was used only to facilitate his escape.

When presented with a motion to dismiss in a criminal case, the trial court must determine whether there is substantial evidence of each element of the offense charged and substantial evidence that the defendant was the perpetrator. *State v. Rasor*, 319 N.C. 577, 356 S.E.2d 328 (1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Bates*, 313 N.C. 580, 330 S.E.2d 200 (1985). The evidence must be examined in the light most favorable to the State, and any contradictions or discrepancies are for the jury to resolve and do not warrant dismissal. *Rasor, supra.* When considering a motion to dismiss, the trial court is concerned only with the sufficiency of the evidence to carry the case to the jury and not with its weight. *State v. Allison*, 319 N.C. 92, 352 S.E.2d 420 (1987). The evidence need not exclude every reasonable hypothesis of innocence in order to support the denial of a defendant's motion to dismiss. *State v. Earnhardt*, 307 N.C. 62, 296 S.E.2d 649 (1982).

N.C. Gen. Stat. § 14-87(a) (1986) provides:

> Any person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another . . . shall be guilty of a Class D felony.

G.S. § 14-87(a) therefore defines two crimes: (1) armed robbery, which requires an actual taking, and (2) attempted armed robbery, which requires an attempted taking. *State v. White*, 322 N.C. 506, 369 S.E.2d 813 (1988). The purpose of the statute is to increase the punishment for common law robbery when firearms or other dangerous weapons are used to commit a robbery, whether or not the robber succeeds in the effort to take personal property. The statute provides that an attempted taking with a weapon be punished as severely as a completed taking under the same cir-

cumstances, and that both be punished more severely than forceful takings committed without dangerous weapons. *Id.*

An attempted robbery with a dangerous weapon in violation of G.S. § 14-87(a) occurs when a person, with the specific intent to unlawfully deprive another of personal property by endangering or threatening his life with a dangerous weapon, does some overt act calculated to bring about this result. *State v. Allison, supra.* Defendant does not deny that there was an intent to rob the Zayres' cashier nor that an overt act calculated to bring about a robbery took place. Rather, defendant argues that the attempted taking was over prior to the display of the gun and, therefore, the element of endangering or threatening the life of a person is absent.

In construing when a defendant's use of force or intimidation must occur in order to support a conviction for armed robbery, our Supreme Court has said that the commission of armed robbery as defined by G.S. § 14-87(a) does not depend upon whether the threat or use of violence precedes or follows the taking of the victim's property. Rather, where there is a continuous transaction, the temporal order of the threat or use of a dangerous weapon and the taking is immaterial. *State v. Green*, 321 N.C. 594, 365 S.E.2d 587, *cert. denied*, --- U.S. ---, 109 S.Ct. 247, 102 L.Ed.2d 235 (1988). The defendant's use or threatened use of a dangerous weapon must precede or be concomitant with the taking, or be so joined with it in a continuous transaction by time and circumstances as to be inseparable. *State v. Hope*, 317 N.C. 302, 345 S.E.2d 361 (1986). In *Hope*, the defendant attempted to walk out of a store wearing a coat that was part of the store's merchandise. When one employee tried to stop the defendant from leaving, another employee discreetly pointed out that the defendant had a gun in his waistline. The employee closest to the defendant told the other employee to call the police. At that point the defendant threatened to kill the first employee. The gun was still visible at the defendant's waist, but he had not deliberately displayed, handled, or pointed the gun at anyone. The Court found this evidence sufficient to support the jury's finding that the defendant's use or threatened use of the gun was inseparable from the taking and induced the victims to part with the coat.

In this case, the evidence was sufficient to allow the jury to conclude that defendant's use or threatened use of his gun was

concomitant with and inseparable from his robbery attempt. This assignment is overruled.

[2] In his second assignment of error defendant contends that the trial court erred in permitting inquiry into the date of his arrest for a prior conviction. Defendant took the stand in his own defense. On cross-examination the following exchange took place:

Q. Mr. Cunningham, what have you been convicted or found guilty to in a court of law in the past ten years carrying a possible sentence of over sixty days?

A. A misdemeanor of stolen goods, possession.

Q. When were you arrested for that?

Mr. Williams: Your Honor, OBJECT when he was arrested. That is irrelevant.

Ms. Shappert: Your Honor, may I approach?

THE COURT: Objection OVERRULED.

A. It was right after, about, no, April 30, something like that.

Q. April 3rd?

A. The 30th.

Q. April 30th?

A. The warrant was made out April 3rd.

A witness, including a defendant, may be cross-examined with respect to prior convictions for the purpose of impeaching his credibility. N.C. Gen. Stat. § 8C-1, Rule 609(a) (1986). Once a conviction is established, inquiry into the time and place of the conviction and the punishment imposed is permissible. *State v. Finch*, 293 N.C. 132, 235 S.E.2d 819 (1977). Exceeding these limitations has been held to constitute reversible error. However, before a new trial is required, a defendant must show not only error, but that the error was prejudicial. The test for prejudicial error is whether there is a reasonable possibility that the evidence complained of contributed to the conviction. N.C. Gen. Stat. § 15A-1443(a) (1988). Only in constitutional matters must an appellate court conclude beyond a reasonable doubt that the evidence was harmless to the rights of a defendant. *See State v. Milby*, 302 N.C. 137, 273 S.E.2d 716 (1981).

CELIS v. N.C. EMPLOYMENT SECURITY COMM.

[97 N.C. App. 636 (1990)]

It was entirely proper to cross-examine defendant concerning the existence of his prior conviction. The prosecutor's limited inquiry as to the date of the arrest may go beyond the literal limits of *Finch*, but we cannot say that it rises to the level of prejudicial error necessary to require a new trial in this case. Knowledge that defendant committed another property crime around the same time period could clearly have been gained by permissible cross-examination as to the date and place of conviction.

No error.

Chief Judge HEDRICK and Judge ARNOLD concur.