STATE OF NORTH CAROLINA v. TED ANTHONY PREVATTE

No. 126A95

(Filed 9 May 1997)

**Evidence and Witnesses § 2956 (NCI4th); Constitutional Law § 349 (NCI4th)— principal witness—pending criminal charges—concessions by prosecutor—right of cross-examination**

The trial court denied defendant the right of effective cross-examination in a prosecution for first-degree murder and kidnapping by refusing to permit defendant to cross-examine the State's principal witness as to whether he had been promised or expected anything with regard to forgery and uttering charges pending against him, which had been continued by the district attorney for eighteen months at the time of this trial, in exchange for his testimony in this case. Even though the witness and his attorney testified at a *voir dire* hearing that there was no agreement as to the forgery and uttering charges in exchange for the witness's testimony in this case, this error was not harmless because the effect of the handling of the pending charges on the witness was for the jury to determine.

**Am Jur 2d, Witnesses § 802.**

Appeal as of right pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of death entered by Gray, J., at the 9 January 1995 Special Criminal Session of Superior Court, Anson County, upon a jury verdict of guilty of first-degree murder. The defendant's motion to bypass the Court of Appeals as to additional sentences was allowed 18 June 1996. Heard in the Supreme Court 14 February 1997.

The defendant was tried for first-degree murder and two charges of kidnapping. The evidence showed that on 1 June 1993, the defendant went to the home of Cynthia McIntyre, whom he had been dating but who had recently returned to her husband.

When the defendant entered Mrs. McIntyre's home, he forced her and her nine-year-old son into her bedroom at gunpoint. The defendant then beat Mrs. McIntyre and locked her son in a bathroom. The defendant next forced Mrs. McIntyre out of her home and into the front yard, where he shot her to death. Jeffrey Burr, Mrs. McIntyre's neighbor, saw the defendant shoot her.

STATE v. PREVATTE

[346 N.C. 162 (1997)]

The jury found defendant guilty of first-degree murder and recommended the death penalty. It also found the defendant guilty of two charges of second-degree kidnapping. The court sentenced the defendant to death for the murder conviction and to two consecutive sentences of thirty years' imprisonment for the kidnapping convictions.

The defendant appealed.

*Michael F. Easley, Attorney General, by Debra C. Graves, Assistant Attorney General, for the State.*

*Center for Death Penalty Litigation, by Kenneth J. Rose, for the defendant-appellant.*

WEBB, Justice.

We shall discuss only one of the defendant's assignments of error which we hold entitles him to a new trial. The State's principal witness was Jeffrey Burr, who was an eyewitness to the shooting. At the time of the trial in this case, Mr. Burr was under indictment in another county on nine charges of forgery and uttering forged checks. The other county, however, was under the same district attorney. The trials on these charges had been continued for eighteen months at the time of the trial in this case. The defendant wanted to cross-examine Mr. Burr about these charges and whether Mr. Burr had been promised or expected anything in regard to the charges in exchange for his testimony in this case. The court refused to let the defendant ask these questions.

We believe we are bound by *Davis v. Alaska*, 415 U.S. 308, 39 L. Ed. 2d 347 (1974), to order a new trial. In *Davis*, the principal witness against the defendant was on probation. The defendant was not allowed to cross-examine the witness about his probationary status, and the United States Supreme Court held this violated the defendant's Sixth Amendment right "to be confronted with the witnesses against him." *Id.* at 315, 39 L. Ed. 2d at 353. The Supreme Court said that the defendant had the right to show that the witness was afraid he would be charged with the crime because he was on probation and the right to show that the fact he was on probation gave the State of Alaska some power over him. The Supreme Court said, "Petitioner was thus denied the right of effective cross-examination which 'would be constitutional error of the first magnitude and no amount of showing of want of prejudice would cure it.' *Brookhart v. Janis,*

384 U.S. 1, 3, [16 L. Ed. 2d 314, 316-17 (1966)]." *Id.* at 318, 39 L. Ed. 2d at 355 (quoting *Smith v. Illinois*, 390 U.S. 129, 131, 19 L. Ed. 2d 956, 959 (1968)).

The defendant in this case had a stronger argument than the defendant in *Davis*. Mr. Burr was facing criminal charges. The witness in *Davis* was on probation. The State in this case had a stronger weapon to control the witness. The fact that the trial of Mr. Burr on the forgery and uttering charges had been continued for eighteen months might have led the jury to believe the State was holding those charges in abeyance pending the witness' testimony in this case. Mr. Burr was the principal witness against the defendant. We believe *Davis* requires us to hold it was constitutional error not to allow the questions on cross-examination that the defendant proposed to put to the witness. We also believe *Davis* requires us to hold that the error was not harmless.

The State argues that there was no showing that Mr. Burr was prejudiced against the defendant because of the pending forgery and uttering charges against him. A *voir dire* hearing out of the presence of the jury was held before the court ruled on the objection to the questions posed by the defendant. Mr. Burr testified that there was no agreement in regard to the forgery and uttering charges in exchange for his testimony in this case. Mr. Burr's attorney testified to the same effect. The State argues that this testimony shows that Mr. Burr expected nothing from the State for his testimony against the defendant. The effect of the handling of the pending forgery and uttering charges on the witness was for the jury to determine. Not letting the jury do so was error.

We do not consider the defendant's other assignments of error, as the questions they pose may not recur at a new trial.

NEW TRIAL.