STATE OF NORTH CAROLINA v. JOHN HENRY McALLISTER, JR.

No. COA98-232

(Filed 16 February 1999)

**Evidence— impeachment—victim's juvenile adjudications**

    The trial court did not abuse its discretion in a prosecution which resulted in an indecent liberties conviction by excluding evidence of the victim's juvenile adjudications where the court stated that N.C.G.S. § 8C-1, Rule 609 had been considered and found that the probative value of the evidence was far outweighed by the prejudice and the creation of ancillary issues. Despite the language used by the court, it is clear from the record that the court understood the standard to be applied under Rule 609 and believed that the evidence was not necessary for a fair determination of the issue of guilt or innocence.

    Judge GREENE dissenting.

Appeal by defendant from judgment entered 12 September 1997 by Judge James D. Llewellyn in Pender County Superior Court. Heard in the Court of Appeals 25 January 1999.

*Attorney General Michael F. Easley, by Assistant Attorney General Amy R. Gillespie, for the State.*

*Nora Henry Hargrove for defendant-appellant.*

TIMMONS-GOODSON, Judge.

Defendant was charged with first-degree kidnapping, first-degree rape, first-degree sexual offense, and taking indecent liberties with a child. Evidence was presented at trial by the State as follows:

The prosecuting witness testified that on 28 November 1996, she went to a friend's house where she encountered defendant. Defendant pushed her onto the floor, forced her to remove her clothes,

**STATE v. McALLISTER**

[132 N.C. App. 300 (1999)]

placed his "private part" next to hers, touched her private part with his hand, and placed his finger in her "private part."

Other witnesses testified that the prosecuting witness recounted the incident to her mother, a police officer, and medical personnel at the hospital. Evidence was also presented showing that the prosecuting witness had been an "A/B" student prior to the attack and that her grades had dropped since the attack.

A jury found defendant guilty of taking indecent liberties with a minor but not guilty of rape or sexual offense. The trial court sentenced defendant to a minimum of thirty-nine months and a maximum of forty-seven months in prison. Defendant appeals.

Defendant argues that the trial court erred by excluding evidence of the victim's juvenile adjudications. He contends that the trial court applied the wrong standard in making its ruling, abused its discretion, and denied him his constitutional right to confront the witnesses against him. We disagree.

Prior to trial, defendant filed a motion seeking the production of juvenile files pertaining to the prosecuting witness. The trial court initially denied the motion. During the trial, defendant requested that the trial court reconsider its ruling and allow him to cross-examine the prosecuting witness concerning any juvenile adjudications. The trial court reversed its prior ruling to the extent that it would allow defendant to cross-examine the prosecuting witness concerning the juvenile adjudications. Further argument of counsel, however, revealed that the offenses for which the prosecuting witness was adjudicated delinquent occurred after she was sexually assaulted by defendant. Therefore, the trial court again reversed itself and ruled that defendant would not be allowed to cross-examine the prosecuting witness about the adjudications.

Rule 609(a) of the North Carolina Rules of Evidence provides as a general rule that "[f]or the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime punishable by more than 60 days confinement shall be admitted if elicited from him or established by public record during cross-examination or thereafter." N.C.R. Evid. 609(a). However, Rule 609(d) provides an exception to the general rule:

> Evidence of juvenile adjudications is generally not admissible under this rule. The court may, however, in a criminal case allow evidence of a juvenile adjudication of a witness other than the

accused if conviction of the offense would be admissible to attack the credibility of an adult and the court is satisfied that admission in evidence is necessary for a fair determination of the issue of guilt or innocence.

N.C.R. Evid. 609(d). While evidence of juvenile adjudications is generally not admissible, the trial court *may* admit evidence of juvenile adjudications of a witness if the offense would be admissible to attack the credibility of an adult, *and* the trial court is satisfied that admission of the evidence is necessary for a fair determination of guilt or innocence. The final decision is within the discretion of the trial court as to whether admission of the evidence is necessary for a fair determination of guilt or innocence. *State v. Whiteside*, 325 N.C. 389, 383 S.E.2d 911 (1989).

In making its ruling in this case, the trial court stated that Rule 609 had been considered and found "that the probative value of the evidence of the juvenile petitions and convictions is far outweighed by the prejudice that may be committed and the creation of ancillary issues." Despite the language used by the trial court in making the ruling, it is clear from an examination of the record that the trial court understood the standard to be applied under Rule 609 and that the trial court believed the evidence was not necessary for a fair determination of the issue of guilt or innocence.

Furthermore, defendant has failed to show that the trial court abused its discretion by excluding the evidence of the juvenile adjudications. The offenses for which the prosecuting witness was adjudicated delinquent were committed after she was sexually assaulted and after she had made her initial accusations against defendant. The trial court's decision to exclude the evidence was reasonable in light of the fact that at the time the victim made her initial accusations, she was a thirteen-year-old child with good grades and no history of criminal activity.

The Sixth Amendment to the United States Constitution guarantees the right of an accused in a criminal trial to confront the witnesses against him. *Davis v. Alaska*, 415 U.S. 308, 39 L. Ed. 2d 347 (1974). "However, the right to confront and to cross-examine is not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process[.]" *State v. Fortney*, 301 N.C. 31, 36, 269 S.E.2d 110, 113 (1980). Indeed, there is no right to ask a witness irrelevant questions. *Id.*

In *Davis*, the defendant sought to cross-examine the witness concerning his juvenile court probation and the possibility that the state of Alaska had some power over him as a result of his probationary status. The United States Supreme Court held that the trial court denied the defendant's right to confront witnesses by refusing to allow the cross-examination. *See also State v. Prevatte*, 346 N.C. 162, 484 S.E.2d 377 (1997) (holding that the trial court erred by refusing to let the defendant ask a witness for the State about pending criminal charges and whether the witness expected or was promised anything in regard to the charges in exchange for his testimony).

In this case, defendant was not attempting to show that the State had any power over the prosecuting witness or that she was biased against him. Instead, he sought to simply impeach her credibility with evidence of offenses committed well after the commission of the offense for which he was charged and well after she made her initial accusations against defendant. The trial court's determination that the evidence was not necessary for a fair determination of guilt or innocence was essentially a determination that the evidence was not relevant. *See* N.C.R. Evid. 401 (stating that "relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"). Since he had no right to elicit irrelevant evidence on cross-examination, defendant was not denied his constitutional right to confront the witnesses against him. The trial court did not err by refusing to allow defendant to cross-examine the prosecuting witness about her juvenile adjudications.

We hold that defendant had a fair trial, free from prejudicial error.

No error.

Judge HUNTER concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

I respectfully dissent from the majority opinion because I believe the trial court erred in excluding evidence of the prosecuting witness's juvenile adjudications for impeachment purposes.

A criminal defendant's right to impeach a witness with "evidence of a juvenile adjudication . . . , [the conviction of which] would be admissible to attack the credibility of an adult," and which is "necessary for a fair determination of the issue of guilt or innocence," N.C.G.S. § 8C-1, Rule 609(d) (1992), is guaranteed by the Confrontation Clause of the United States Constitution. *See Davis v. Alaska*, 415 U.S. 308, 319, 39 L. Ed. 2d 347, 355 (1974) (holding that the Confrontation Clause of the United States Constitution entitles a criminal defendant to question a crucial witness concerning the witness's juvenile adjudications where necessary to reveal "a possible bias" of that witness); *State v. Whiteside*, 325 N.C. 389, 401, 383 S.E.2d 911, 918 (1989) (noting that Rule 609(d) was enacted to satisfy the requirements of *Davis*). Admissible evidence under Rule 609(d) includes juvenile adjudications that "undermine[] credibility only indirectly by showing a criminal character and, thus, a propensity which is only generally linked to truthfulness." 28 Charles A. Wright & Victor J. Gold, *Federal Practice and Procedure* § 6138, at 278-79 (1993) [hereinafter *Wright & Gold on Federal Practice and Procedure*].

> [Where] the prosecution witness is crucial, the Rule 609 evidence is convincing, and there is no other comparably effective way to attack [the witness's] credibility, . . . subdivision (d) [of Rule 609] should not bar the evidence since these circumstances suggest that the evidence is "necessary for a fair determination of the issue of guilt or innocence."

*Id.* at 279.

In this case, such circumstances are undoubtedly presented. The testimony of the prosecuting witness was crucial to the State's case against defendant. Neither medical evidence nor physical evidence of a sexual assault was presented by the State. Dr. Dalbec, the physician who examined the prosecuting witness on the day of the alleged assault, gathered evidence for a North Carolina sexual assault evidence kit in accordance with standard procedure. Dr. Dalbec testified that he had checked the prosecuting witness "head to toe" for physical damage, and that "there were no areas that she told me were tender, and I looked for bruises or scrapes or abrasions, swelling, and I didn't find anything." Although Dr. Dalbec collected hair samples, vaginal and anal smears and swabs, and saliva from the prosecuting witness for subsequent testing at a forensic lab, no subsequent testing was conducted. The prosecuting witness was the only witness to the alleged crime; the remaining State's witnesses testified to what

the prosecuting witness had told them. The State also elicited testimony, from a "lifelong friend" of the prosecuting witness, that she was "a truthful person." In addition, the evidence of the prosecuting witness's juvenile adjudications was a matter of record, and there was no other equally convincing method of impeaching her testimony. Accordingly, evidence of her juvenile adjudications, which would have been admissible if committed by an adult, was necessary for a fair determination of defendant's guilt or innocence. Indeed, when applying this Rule 609(d) standard, the trial court came to this conclusion. Accordingly, it was a violation of defendant's rights under the Confrontation Clause to exclude the prosecuting witness's juvenile adjudications in this case.

The majority opinion makes two separate arguments to support the trial court's exclusion of these adjudications. First, it states that the trial court "understood the standard to be applied under Rule 609 and . . . believed the evidence was not necessary for a fair determination of the issue of guilt or innocence." *State v. McAllister*, 132 N.C. App. 300, 302, 511 S.E.2d 660 (1999). My review of the record, however, reveals that the trial court found:

> [T]he focal point of the trial in progress is the testimony of the prosecuting witness and victim, therefore, her character for the truth is directly an issue, and the Court finds that the ends of justice would best be served if . . . defendant's counsel [is] allowed to cross examine the prosecuting witness/victim . . . as to these three offenses as they would be admissible if the prosecuting witness was an adult, and *the Court does determine that it is necessary, this to be necessary for a determination of the issues of guilt or innocence in this case.*

(emphasis added). The trial court then changed its ruling and refused to allow evidence of the prosecuting witness's juvenile adjudications for impeachment after erroneously finding:

> [Rule] 404 sets a guideline, but not a directive for the Court's ruling and makes the ruling under Rule 609 totally discretionary with the Court, and the Court having considered that both of these statutes, having not done so before now, finds that the probative value of the evidence of the juvenile petitions and [adjudications] is far outweighed by the prejudice that may be committed and the creation of ancillary issues.

The Rule 609(d) "necessary for a fair determination" standard is not the equivalent of the Rule 403 "probative value versus prejudicial

effect" standard, and the application of one does not satisfy the requirements of the other. *See* 28 *Wright & Gold on Federal Practice and Procedure* § 6138, at 276-77; *see also Food Stores v. Board of Alcoholic Control*, 268 N.C. 624, 628-29, 151 S.E.2d 582, 586 (1966) (noting that where one statute deals with a subject in detail or with reference to a particular situation and another statute deals with the same subject in general and comprehensive terms, the particular statute is generally controlling). In addition, the trial court believed that Rule 404 was relevant to its determination on this issue. According to North Carolina's foremost commentator on evidence, however:

> [S]everal statutes, including . . . N.C.R. Evid. 404(b), were amended [in 1994] to permit a trial judge to order that a record of a juvenile offense that would be a Class A-E felony be admitted under Rule 404(b) or to prove an aggravating factor at sentencing. Admission under Rule 609(d) is not mentioned and the amendments, on their face, would not seem to affect the application of [Rule 609(d)].

1 Kenneth S. Broun, *Brandis & Broun on North Carolina Evidence* § 98, at 305, n. 262 (5th ed. 1998) [hereinafter *Brandis & Broun on North Carolina Evidence*] (citations omitted). I agree that Rule 404(b), ordinarily used by the State to enter into evidence juvenile adjudications of a criminal defendant, does not alter the requirements of Rule 609(d), enacted to protect a criminal defendant's constitutional right to confront the witnesses against him.

The majority opinion's second ground for upholding the trial court's exclusion of the prosecuting witness's juvenile adjudications is that these adjudications were "irrelevant" because the delinquent behavior occurred after the date of the crime alleged in this case. *McAllister*, 132 N.C. App. at 302, 551 S.E.2d at 662. These adjudications go to the prosecuting witness's character for truthfulness, however, and are therefore relevant for the jury's consideration regardless of when they occurred. *See* 1 *Broun & Brandis on North Carolina Evidence* § 98, at 303 (noting that the crime does not have to have a rational relation to truthfulness to be admissible for impeachment of the witness's credibility under Rule 609). The State's argument that the prosecuting witness "acted out" as a result of the alleged assault by defendant is for the jury's consideration; it does not make her juvenile adjudications irrelevant on the issue of her credibility as a matter of law. While Rule 609 generally makes any conviction over ten years

old inadmissible for impeachment, N.C.G.S. § 8C-1, Rule 609(b), it contains no prohibition limiting the admissibility of convictions that occurred *after* the date of the alleged crime. Indeed, convictions of adult offenders that occurred after the date of the alleged offense have been admitted by our courts for impeachment purposes as a matter of course. *See, e.g., State v. Cunningham,* 97 N.C. App. 631, 389 S.E.2d 286 (allowing, for impeachment purposes, admission of a conviction which occurred *after* the alleged crime for which the defendant was being tried), *disc. review denied,* 326 N.C. 802, 393 S.E.2d 905 (1990). As subsection (d) of Rule 609 allows juvenile adjudications to be admitted "if conviction of the offense would be admissible to attack the credibility of an adult," a witness's juvenile adjudications occurring *after* the date of the defendant's alleged crime should likewise be admissible.

In summary, I believe the trial court's exclusion of the prosecuting witness's juvenile adjudications, after finding admission of these adjudications to be necessary for a fair trial, violated defendant's constitutional right to confront the witnesses against him. In any event, even if the trial court itself had not found admission of the prosecuting witness's juvenile adjudications to be necessary, the circumstances of this case make exclusion of these juvenile adjudications a constitutional error and an abuse of the trial court's discretion. Accordingly, I would remand for a new trial.