IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA17-657

 Filed: 7 August 2018

Forsyth County, No. 14 CRS 52855

STATE OF NORTH CAROLINA

 v.

DUVAL LAMONT BOWMAN, Defendant.

 Appeal by Defendant from Judgment and Commitment entered 27 July 2016

by Judge Richard S. Gottlieb in Forsyth County Superior Court. Heard in the Court

of Appeals 25 January 2018.

 Attorney General Joshua H. Stein, by Assistant Attorney General Joseph L.
 Hyde, for the State.

 Richard Croutharmel for Defendant-Appellant.

 INMAN, Judge.

 Duval Lamont Bowman (“Defendant”) appeals from a final judgment and

commitment following a jury verdict finding him guilty of first-degree murder,

attempted armed robbery, and possession of a firearm by a felon. Defendant argues

that the trial court erred by: (1) failing to exclude statements he made during a police

interrogation in which he was denied his constitutional right to an attorney; (2)

violating Defendant’s constitutional right to cross-examine the State’s principal

witness; (3) allowing the State to impeach its own witness with a subsequent witness;

and (4) allowing a detective to testify as an expert without properly qualifying the
 STATE V. BOWMAN

 Opinion of the Court

detective as such. During the pendency of his appeal, Defendant filed a motion for

appropriate relief with this Court arguing that his constitutional right to due process

was violated because the State permitted its principal witness to falsely testify

regarding whether she would benefit in exchange for her testimony against

Defendant.

 After careful consideration, we hold that the trial court committed a

constitutional error in restricting Defendant’s cross-examination of the State’s

principal witness and that the State has failed to show that the error was harmless

beyond a reasonable doubt; therefore, we vacate the trial court’s judgment and

remand for a new trial. Defendant’s motion for appropriate relief is dismissed as

moot.

 Factual and Procedural History

 The State’s evidence at trial tended to show the following:

 In the early morning of 23 February 2014, Defendant borrowed a friend’s

vehicle and went to the home of Lakenda Malachi and her fiancé Anthony Johnson.

Defendant, Malachi, and Johnson were all associates in the drug business.

 When Defendant arrived at Malachi’s house, he confronted Johnson about

money Johnson allegedly owed Defendant. Malachi testified that she witnessed

Defendant pointing two guns at Johnson, at which point Defendant said: “Y’all did

me dirty.” As Malachi ran to the next room she heard shots being fired. Defendant

 -2-
 STATE V. BOWMAN

 Opinion of the Court

then demanded that Malachi give up the money. She locked herself in the other room.

Defendant kicked the door open and Malachi told him that she would find the money.

 As Malachi began looking for the money, Defendant starting hitting her with

the guns and told her that he was going to kill Johnson. Malachi ran outside and hid

in the bushes. She reached a neighbor’s door and was able to make two phone calls:

the first was to a male friend named “Royal Highness Salley,” and the second was to

another male friend named Kasim Washington. After Malachi made her phone calls,

the neighbor called 9-1-1.

 Approximately ten minutes later, police arrived at the neighbor’s house to find

Malachi crying and mumbling. Police found Johnson in Malachi’s house lying face

down in the living room without a pulse. EMS pronounced Johnson dead at the scene.

He had been shot twice in the back and once in the left leg and died as a result of the

wounds to his back.

 Defendant was apprehended in New York by United States Marshals and

returned to North Carolina. On 28 March 2014, Detectives interviewed Defendant.

Defendant denied any involvement in Johnson’s death. Defendant was indicted on 4

May 2015 for murder and on 4 January 2016 for possession of a firearm by a felon.

On 6 June 2016, a superseding indictment was filed for first-degree murder along

with an indictment for attempted robbery with a dangerous weapon.

 -3-
 STATE V. BOWMAN

 Opinion of the Court

 Defendant’s case went to trial in July 2016. The State presented no physical

evidence linking Defendant to the shooting but argued that Malachi’s eyewitness

testimony established his guilt. On 27 July 2016, the jury found Defendant guilty on

all charges and the trial court sentenced Defendant to life imprisonment without the

possibility of parole. Defendant appealed in open court.

 Analysis

 We address only one of Defendant’s arguments on appeal, which we hold

entitles him to a new trial. Defendant contends that the trial court erred by limiting

the scope of his cross-examination of Malachi, preventing him from adequately

questioning her regarding pending drug charges in Guilford County for which she

could receive a favorable plea offer contingent on her testimony against Defendant.

After careful review of the record and applicable law, we agree.

 “Under the Confrontation Clause of the Sixth Amendment to the United States

Constitution, an accused is guaranteed the right to be confronted with his adverse

witnesses.” State v. Ward, 354 N.C. 231, 260, 555 S.E.2d 251, 269 (2001) (citing State

v. McNeil, 350 N.C. 657, 677, 518 S.E.2d 486, 498 (1999)). “This right, however, is

not without limits, and the trial court ‘retain[s] broad discretion to preclude cross-

examination that is repetitive or that is intended to merely harass, annoy or

humiliate a witness.’ ” Id. at 260, 555 S.E.2d at 270 (quoting State v. Mason, 315

N.C. 724, 730, 340 S.E.2d 430, 434 (1986)).

 -4-
 STATE V. BOWMAN

 Opinion of the Court

 It is well established that pending criminal charges or any criminal convictions

for which a witness is currently on probation are generally permissible topics for

cross-examination because “the jury is entitled to consider, in evaluating a witness’s

credibility, the fact [that] the State has a ‘weapon to control the witness.’ ” State v.

Ferguson, 140 N.C. App. 699, 705, 538 S.E.2d 217, 222 (2000) (quoting State v.

Prevatte, 346 N.C. 162, 164, 484 S.E.2d 377, 378 (1997)).

 In Prevatte, the North Carolina Supreme Court held that the trial court

committed a constitutional error by not allowing the defendant to ask certain

questions during cross-examination of the State’s principal witness. 346 N.C. at 163,

484 S.E.2d at 378. There, the jury found the defendant guilty of, among other things,

first-degree murder. Id. at 164, 484 S.E.2d at 378. At the time of his testimony, the

State’s principal witness, an eyewitness to the shooting, “was under indictment in

another county on nine charges of forgery and uttering forged checks.” Id. at 163,

484 S.E.2d at 378. The Court noted that the other county in which the charges

against the witness were pending “was under the same district attorney.” Id. at 163,

484 S.E.2d at 378. Relying on the United States Supreme Court’s decision in Davis

v. Alaska, 415 U.S. 308, 39 L.Ed.2d 347 (1974), the North Carolina Supreme Court

granted the defendant a new trial based on the trial court’s failure to allow the

defendant to question the State’s primary witness about “whether [the witness] had

 -5-
 STATE V. BOWMAN

 Opinion of the Court

been promised or expected anything in regard to the charges in exchange for his

testimony in [the] case.” Id. at 163, 484 S.E.2d at 378.

 Similar limitations to cross-examination have been held not to be error when

the pending charges were in a separate prosecutorial district from the district the

witness was testifying in, and the defendant failed to present evidence of

communication between the two prosecutorial districts. In State v. Murrell, 362 N.C.

375, 404, 665 S.E.2d 61, 80 (2008), the North Carolina Supreme Court distinguished

Prevatte because the State’s witness in Murrell was facing charges “in a different

jurisdiction, and [the] defendant provide[d] no supporting documentation of any

discussion between the two district attorneys’ offices to demonstrate that [the

witness’s] testimony was biased in this respect.” Id. at 404, 665 S.E.2d at 80. It

follows that when considering whether a trial court has erred in limiting cross-

examination about pending charges against a State’s witness, the State’s ability to

use the pending charges to leverage the witness’ testimony is essential.

 Here, Defendant’s trial counsel argued that an email exchange between

prosecutors established a possible reduction of drug trafficking charges against

Malachi in Guilford County in exchange for Malachi’s testimony against Defendant

in Forsyth County. Following a voir dire exchange, the trial court ruled that it would

allow defense counsel limited cross-examination of Malachi regarding her pending

 -6-
 STATE V. BOWMAN

 Opinion of the Court

charges. However, before the jury, the trial court limited defense counsel’s

questioning as follows:

 DEFENSE COUNSEL: Isn’t it true on that date, you were
 charged by the High Point Police Department with one
 count of trafficking in methamphetamine, one count
 conspiracy to traffic in methamphetamine, one count of
 trafficking in marijuana and one count of conspiracy to
 traffic in marijuana?

 MALACHI: And what day—what date did you say?

 DEFENSE COUNSEL: January 21st of 2015.

 MALACHI: Yes, sir.

 DEFENSE COUNSEL: And those charges are still
 pending, are they not?

 MALACHI: Yes, sir.

 ...

 DEFENSE COUNSEL: And this is in Guilford County?

 MALACHI: Yes, sir.

 ...

 DEFENSE COUNSEL: What, if anything, have you been
 offered from the State at this point regarding those
 pending charges?

 MALACHI: I don’t know nothing about that.

 DEFENSE COUNSEL: So nothing has been finalized in
 Guilford County?

 PROSECUTOR: Objection.

 -7-
 STATE V. BOWMAN

 Opinion of the Court

 THE COURT: Sustained.

 ...

 DEFENSE COUNSEL: What, if anything, do you hope to
 gain out of testifying here for the State with regard to those
 five pending charges?

 MALACHI: Justice for Anthony Johnson.

 DEFENSE COUNSEL: So you don’t think you’re going to
 get anything out of it for the charges you got?

 PROSECUTOR: Objection.

 THE COURT: Sustained.

 DEFENSE COUNSEL: Are you aware of any other
 considerations you might have for those pending charges
 right now?

 PROSECUTOR: Objection.

 THE COURT: Sustained.

The sustained objections limited the testimony beyond that which the trial court

ruled it would allow in voir dire and precluded Defendant’s counsel from establishing

a possible bias in Malachi’s testimony against Defendant. The State argues that the

trial court properly sustained the objections because defense counsel’s questions

sought to undermine Malachi’s credibility based simply on the fact that she was

charged with drug crimes. This argument is unpersuasive, particularly in light of

the fact that Defendant, who also testified, admitted to having engaged in drug

 -8-
 STATE V. BOWMAN

 Opinion of the Court

dealing. Because Defendant presented evidence of communication between the

districts, the trial court’s limitation of Malachi’s cross-examination was in error.

 We must next determine whether the trial court’s error requires a new trial.

To avoid disturbing a jury verdict in a trial involving constitutional error, the State

must prove that the error was harmless beyond a reasonable doubt. N.C. Gen. Stat.

§ 15A-1443 (2017). In the context of a trial court unconstitutionally limiting a

criminal defendant’s right to cross-examine a witness about pending charges against

the witness, the North Carolina Supreme Court has explained that such error may

be harmless when the witness is “not a principal witness for the State but [is] a

corroborating witness[,]” and has been impeached through other means. State v.

Hoffman, 349 N.C. 167, 180, 505 S.E.2d 80, 88 (1998).

 Similar to Prevatte and unlike in Hoffman, the witness Defendant sought to

cross-examine here was the State’s principal eyewitness. There were no other

witnesses to the shooting of Johnson, and the other evidence provided by the State

was tenuous, thereby making Malachi’s testimony essential. The State argues that

defense counsel’s cross-examination was extensive, covering her timeline of events,

the assault by Defendant, her phone calls from the neighbor’s phone, and her

inconsistent statements to medical providers, prosecutors, and police. However, the

violation of the confrontation clause arises from Defendant’s inability to question the

witness specifically about the bias created by the pending charges—which the

 -9-
 STATE V. BOWMAN

 Opinion of the Court

Prevatte court classified as a “weapon to control the witness”—not from a generalized

limited cross-examination. Prevatte, 346 N.C. at 164, 484 S.E.2d at 378. By not

allowing defense counsel to inquire about Malachi’s knowledge of plea negotiations

or pending charges, Defendant was prevented from establishing a possible bias

arising from the pending charges. The State has, therefore, failed to distinguish this

case from Prevatte or demonstrate, as in Hoffman, that the error was harmless

beyond a reasonable doubt. Accordingly, regardless of the extensiveness of the

remaining permitted cross-examination of Malachi, the State here has failed to meet

its burden of proving that the error was harmless.

 Because Malachi was the State’s principal and only eyewitness, there was

evidence of communication between the two counties regarding Malachi’s

cooperation, and there was no physical evidence linking Defendant to the shooting,

we conclude that the trial court erred in limiting defense counsel’s cross-examination

and that this error was not harmless beyond a reasonable doubt.

 Conclusion

 In light of the foregoing, we hold that the trial court erred by limiting defense

counsel’s cross-examination of Malachi and grant Defendant a new trial. We do not

consider Defendant’s other assignments of error, as the questions they pose may not

recur at a new trial.

 - 10 -
 STATE V. BOWMAN

 Opinion of the Court

NEW TRIAL.

Judge STROUD concurs.

Judge DILLON dissents in separate opinion.

 - 11 -
No. COA17-657 – STATE v. BOWMAN

 DILLON, Judge, dissenting.

 I agree with the majority that the trial court should have allowed the State’s

sole principal eye-witness, on cross-examination, to answer whether she thought or

hoped she would receive some leniency for the charges pending against her in return

for her testimony against Defendant. A defendant is entitled for the jury to know

that the State’s principal witness might be biased, based on the possibility that the

witness may be shown leniency by the prosecution regarding charges pending against

the witness in exchange for the witness’s testimony against the defendant.

 I conclude, though, that in the present case any error by the trial court was

harmless beyond a reasonable doubt. Though the trial court did not allow the witness

to answer questions about her hope of receiving leniency, the trial court otherwise

gave Defendant’s counsel ample opportunity during cross-examination to get his

point across to the jury. Specifically, Defendant’s counsel was allowed to elicit

testimony from the witness about the specifics of her pending drug charges. Also, the

trial court allowed the witness to state that she did not “know anything about”

whether the State would offer her leniency in exchange for her testimony. (Emphasis

added.) The trial court simply did not allow the witness to state whether she “hoped”

or “thought” she would receive leniency. Further, the witness testified that all she

hoped to gain from testifying was “justice” for her boyfriend, who was the victim.
 STATE V. BOWMAN

 DILLON, J., dissenting

 I have reviewed the Defendant’s other arguments and do not believe that he

has shown reversible error. Accordingly, my vote is that Defendant received a fair

trial, free from reversible error.

 2