STATE OF NORTH CAROLINA v. CATHY ANN MILLS BARNES AND
DONALD RAY HOOKS

No. COA96-597

(Filed 7 January 1997)

**1. Robbery § 72 (NCI4th)— brandished weapon after goods were stolen—continuous transaction—armed robbery**

The evidence was sufficient to support a jury finding that defendant Hooks' use of a handgun was inseparable from the taking of merchandise from a store so as to support defendants' conviction of armed robbery where it tended to show that after leaving a store with merchandise the defendants had stolen, defendant Hooks brandished a gun at store personnel in the store's parking lot to thwart the efforts of store personnel as they attempted to retain lawful possession of the store merchandise. When viewed in its entirety, the evidence tended to show one continuous transaction with the element of use of a dangerous weapon so joined in time and circumstances with the taking as to be inseparable.

**Am Jur 2d, Robbery § 28.**

**Use of force or intimidation in retaining property or in attempting to escape, rather than in taking property, as element of robbery. 93 ALR3d 643.**

**2. Robbery § 138 (NCI4th Rev.)— denial of requested instructions—lesser included offenses—substantial evidence**

The trial court in an armed robbery case did not err by denying defendants' requests to instruct the jury on the lesser included offenses of misdemeanor larceny and assault where the State presented substantial evidence of every element of the offense charged and defendants presented no evidence. The mere contention that the jury might accept the State's evidence in part and might reject it in part is not sufficient to require submission to the jury of a lesser offense.

**Am Jur 2d, Robbery §§ 75, 76.**

**Modern status of law regarding cure of error, in instruction as to one offense, by conviction of higher or lesser offense. 15 ALR4th 118.**

Judge WYNN dissenting.

STATE v. BARNES

[125 N.C. App. 75 (1997)]

Appeal by defendants from judgments entered 31 January 1996 by Judge Julius A. Rousseau, Jr., in Guilford County Superior Court. Heard in the Court of Appeals 2 December 1996.

*Attorney General Michael F. Easley, by Assistant Attorney General Sueanna P. Sumpter, for the State.*

*John Bryson for defendant appellants.*

SMITH, Judge.

On 13 November 1995, a Guilford County Grand Jury indicted defendants Cathy Ann Mills Barnes and Donald Ray Hooks on charges of robbery with a dangerous weapon. Superseding indictments were returned by the Grand Jury on 8 January 1996. After the trial court allowed a motion for joinder filed by the State, defendants' trial began on 29 January 1996. The State presented evidence tending to show the following:

On 25 August 1995, the assistant manager of a High Point Winn-Dixie saw defendant Barnes take ten bottles of Advil and two bottles of Tylenol from a store shelf while defendant Hooks stood nearby in the middle of the aisle. Defendants next walked down the aisle away from the store entrance, then started walking towards the entrance. When defendants saw the assistant manager and the manager approaching them, they turned around and almost sprinted towards the rear of the store. They turned down the next aisle and headed for the front entrance.

Defendant Hooks blocked the aisle while defendant Barnes sprinted to the front entrance. Another employee joined the pursuit of defendants during that time. Defendant Barnes ran to a car which was parked on the curb almost blocking the store's front entrance. She got into the car on the passenger side. When the employee attempted to retrieve the merchandise from defendant Barnes, she threatened to give him AIDS with a needle. She bit the employee when he tried to grab some of the merchandise. Defendant Barnes cut the assistant manager's arm three times with a knife when he reached into the car through the driver's side window to retrieve the merchandise. During this time she also yelled for defendant Hooks to shoot the assistant manager.

While the manager went to call police, the assistant manager blocked the driver's side door of the car. He pushed defendant Hooks away when he tried to enter the car, then noticed a bulge in defend-

STATE v. BARNES

[125 N.C. App. 75 (1997)]

ant Hooks' pocket. The assistant manager continued his efforts to keep defendant Hooks from entering the car until defendant Hooks pulled a small chrome-colored handgun out of his pocket and pointed it at the assistant manager's stomach. Defendant Hooks got into the car, tossed the handgun into the car's back floorboard, and pulled out his keys. Before he could start the car, the assistant manager leaned into the car and blocked the ignition. At that time defendant Barnes cut the assistant manager's hand and rolled the window up on his right hand. The assistant manager broke the window in order to free his hand, and the defendants drove away.

The assistant manager and employee selected defendant Barnes' picture from a photographic lineup. All three of the store personnel involved in the incident selected defendant Hooks' picture from a photographic lineup. At the conclusion of the State's evidence, defendants each made a motion to dismiss due to insufficiency of the evidence. The trial court denied their motions. Defendants offered no evidence and renewed their motions, which the trial court again denied.

Defendants next requested that the trial court instruct the jury on misdemeanor larceny and misdemeanor assault with a deadly weapon. The trial court denied both defendants' requested instruction on the lesser offenses. Defendants subsequently excepted to the trial court's instruction on continuous transaction. After the jury found the defendants guilty of robbery with a dangerous weapon, the trial court sentenced defendant Barnes to a minimum of 101 months' imprisonment and a maximum term of 131 months' imprisonment. The trial court sentenced defendant Hooks to a minimum term of 66 months' imprisonment and a maximum term of 89 months' imprisonment. Defendants appealed.

[1] In their first argument, defendants contend that the trial court erred by denying their respective motions to dismiss due to insufficiency of the evidence. They argue that the State's evidence failed to demonstrate that defendant Hooks' use of a dangerous weapon occurred before or concomitant to the taking of the property. Because defendant Hooks' use of a dangerous weapon occurred after he exited the store, they assert that it cannot be considered part of the taking so as to constitute robbery. We disagree.

In ruling on a motion to dismiss, the trial court is to consider the evidence in the light most favorable to the State and to give the State the benefit of every reasonable inference which may be drawn from

that evidence. *State v. Robbins*, 309 N.C. 771, 309 S.E.2d 188 (1983). The trial court must determine whether there is substantial evidence of each element of the charged offense. *State v. Vines*, 317 N.C. 242, 345 S.E.2d 169 (1986). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). "[I]f the State has offered substantial evidence against defendant of every essential element of the crime charged[,]" defendants' motions to dismiss must be denied. *State v. Porter*, 303 N.C. 680, 685, 281 S.E.2d 377, 381 (1981).

For the offense of robbery with a dangerous weapon, the State must prove the following elements: "1) the unlawful taking or attempt to take personal property from the person or in the presence of another; 2) by use or threatened use of a firearm or other dangerous weapon; 3) whereby the life of a person is endangered or threatened." *State v. Wiggins*, 334 N.C. 18, 35, 431 S.E.2d 755, 765 (1993); N.C. Gen. Stat. § 14-87(a) (1993). "[T]he temporal order of the threat or use of a dangerous weapon and the taking is immaterial." *State v. Cunningham*, 97 N.C. App. 631, 634, 389 S.E.2d 286, 288, *disc. review denied*, 326 N.C. 802, 393 S.E.2d 905 (1990). Rather, there must be a continuous transaction in which the threat or use of the dangerous weapon and the taking are "so joined in time and circumstances as to be inseparable." *State v. Lilly*, 32 N.C. App. 467, 469, 232 S.E.2d 495, 497, *disc. review denied*, 292 N.C. 643, 235 S.E.2d 64 (1977).

When the preceding principles are applied to the present case, we conclude that the State introduced substantial evidence of the offense's elements and of a continuous transaction. The defendants concede in their brief that when viewed in the light most favorable to the State, the evidence shows that they entered the victim's store, obtained merchandise and left without paying for it. In addition, defendants admit that defendant Hooks displayed a handgun during a confrontation with store personnel outside of the store.

Defendant's argument essentially rests on the proposition that the armed robbery was complete when defendants exited the store with the merchandise. Such an argument blurs the distinction between larceny and robbery. *See State v. Barnes*, 345 N.C. 146, 479 S.E.2d 236 (1996) In *Barnes*, our Supreme Court emphasized: " 'For purposes of larceny the element of taking is complete in the sense of being satisfied at the moment a thief first exercises dominion over the property. . . . For purposes of robbery the taking is not over until after the thief succeeds in removing the stolen property from the victim's posses-

sion.' " *Barnes*, (quoting *State v. Sumpter*, 318 N.C. 102, 111, 347 S.E.2d 396, 401 (1986)) (internal citations omitted). In the instant case, the store employees were actively attempting to retain possession of the property when defendant suddenly pulled out a handgun. In other words, the taking was not complete when defendant Hooks brandished the handgun, because defendant Hooks had not successfully wrested possession of the merchandise from the store employees.

The facts show that defendant's use of the handgun was tied directly to his effort to effect the taking. Hornbook law dictates that property need not be "attached" to a person in order for a person to retain legal possession of it; instead property is stolen from a person "if it was under the *protection* of the person at the time" it was taken. *Barnes*, (quoting from Rollin M. Perkins & Ronald N. Boyce, *Criminal Law* 342-43 (3d ed. 1982)) (emphasis added). Thus, just because a thief has physically taken an item does not mean that its rightful owner no longer has possession of it.

Here, defendant's purpose in brandishing the weapon was to thwart the efforts of store personnel, as they attempted to retain lawful possession of the store merchandise. Defendant Hooks' display of a handgun was thus necessary to the completion of the taking, *viz.*, defendant applied force when it became apparent the success of the taking required it. Accordingly, defendant Hooks' attempt to take the property from the store by force was inseparable from the rest of the transaction.

Defendants also assert the applicability of *State v. Dalton*, 122 N.C. App. 666, 671, 471 S.E.2d 657, 660-61 (1996), in support of their contention that the use of force was not part of a continuous transaction. We disagree. In the situation before the *Dalton* Court, the defendant first entered the victim's home while the victim was sleeping, and stole her purse. *Id.* After the theft, the *Dalton* defendant exited the victim's home.and gave the purse to a codefendant. Then, the *Dalton* defendant re-entered the victim's home where he attempted to rape the victim by using a knife. *Id.* The *Dalton* Court determined these facts did not constitute a "continuous transaction" for armed robbery purposes. *Id.*

Simply put, we do not find the instant facts analogous to those in *Dalton*. In *Dalton*, the defendant's use of force was temporally distinct from the taking of the purse. *Id.* In the instant case, all of the events were linear, one following the other. Equally distinguishing is

the fact that the taking of the purse in *Dalton* was unconnected to the subsequent attempt at rape by using a knife. *Id.* In the instant case, our facts are continuous, as defendant's use of the handgun was integral to the taking of the merchandise. For these reasons, *Dalton* is irrelevant.

Defendants' contention that the State's evidence was insufficient to show that these events were a continuous transaction is without merit. The evidence tended to show one continuous transaction with the element of use of a dangerous weapon so joined in time and circumstances with the taking as to be inseparable. This evidence was sufficient to support a jury finding that defendant Hooks' use of the handgun was inseparable from the taking of the merchandise. The trial court did not err in denying defendants' motions to dismiss.

[2] Defendants next contend that the trial court erred by denying their requests for jury instructions on the offenses of misdemeanor larceny and assault. They assert that there was evidence present to support convictions for these lesser included offenses should the jury either have a reasonable doubt as to any element of robbery with a dangerous weapon or fail to find a continuous transaction. We are not persuaded by defendants' argument.

"The determinative factor of whether the trial court is to instruct the jury on the lesser included offense is the presence of evidence which tends to support a conviction of the lesser included offense." *State v. Summerlin*, 98 N.C. App. 167, 175, 390 S.E.2d 358, 362, *disc. review denied*, 327 N.C. 143, 394 S.E.2d 183 (1990). However, "[t]he mere contention that the jury might accept the State's evidence in part and might reject it in part is not sufficient to require submission to the jury of a lesser offense." *State v. Black*, 21 N.C. App. 640, 643-44, 205 S.E.2d 154, 156, *aff'd*, 286 N.C. 191, 209 S.E.2d 458 (1974). As discussed previously, the State presented substantial evidence of every element of the offense charged. Since defendants presented no evidence, those elements were not negated. *See State v. Surrett*, 109 N.C. App. 344, 427 S.E.2d 124 (1993). Therefore, the trial court did not err by denying defendants' requests to instruct the jury on the lesser included offenses. This assignment of error is overruled.

No error.

Judge MARTIN, Mark D., concurs.

Judge WYNN dissents.

Judge WYNN dissenting.

The issue presented in this case is whether the use of a handgun *after* defendants took merchandise and ran from a store is sufficient to sustain a charge of armed robbery. I believe that it is not.

The record establishes without question that defendants took the merchandise from the store without ever using force or displaying any kind of dangerous weapon. "In order for an armed robbery to occur, the use of force must be such as *to induce* the victim to part with the property." *State v. Dalton*, 122 N.C. App. 666, 671, 471 S.E.2d 657, 660 (1996) (emphasis added).

The record shows that, after taking the merchandise, Barnes exited the store and got into a car parked at a curb near the store. Similarly, Hooks exited the store and attempted to get in the car. As to both defendants, the property had already been taken at the time they reached the car. In fact, neither defendant had used force until they were confronted at the parked car by store employees who chose to pursue them in an effort to retrieve the property.

The majority correctly notes that "[f]or the purposes of robbery the taking is not over until after the thief succeeds in removing the stolen property from the victim's possession." *State v. Barnes*, 345 N.C. 146, 478 S.E.2d 188, —— (1996) (quoting *State v. Sumpter*, 318 N.C. 102, 111, 347 S.E.2d 396, 401 (1986). However, the majority views the employees' actions as an attempt to *retain possession* of the property, while the facts indicate that the defendants had possession of the merchandise and the employees were in pursuit to attempt to *retrieve* the property. Since the property was already in the possession of the fleeing defendants, the taking was completed before store employees gave chase and force was employed. I know of no law in this state that holds that pursuit can defeat a completed taking.

Therefore, since force was not used *to induce* the victim to part with the property and the taking of that property was completed at the time force was used, defendants' actions in the instant case are insufficient to constitute robbery with a dangerous weapon. *See State v. Hope*, 317 N.C. 302, 345 S.E.2d 361 (1986); *Dalton*, 122 N.C. App. 666, 471 S.E.2d 657. Accordingly, I dissent.