STATE OF NORTH CAROLINA v. JIMMY LEE BELLAMY

No. COA02-1313

(Filed 15 July 2003)

**1. Appeal and Error— preservation of issues—failure to include transcript**

Although defendant contends the trial court abused its discretion in a robbery with a dangerous weapon case by failing to grant defendant's motion for a mistrial based on a juror's allegedly inflammatory statement during jury selection, this assignment of error is dismissed because: (1) defendant failed to include the actual transcript of the voir dire during which the comment was made; and (2) counsel's statement cannot serve as a substitute for record proof.

**2. Evidence— cross-examination—officer testimony—defendant under the influence**

The trial court did not commit plain error in a robbery with a dangerous weapon case by allowing an officer to testify on cross-examination that based on his knowledge of defendant's past, it was possible that defendant was under the influence, because: (1)

the officer's testimony came in response to an attempt by defendant to show that he was impaired at the time of his arrest and confession; and (2) given the overwhelming evidence of defendant's guilt based on detailed testimony of a witness and an officer that defendant stole tapes through force and was subsequently caught with the tapes in his possession, defendant has failed to show plain error.

**3. Robbery— dangerous weapon—motion to dismiss—sufficiency of evidence—pocketknife**

The trial court did not err by failing to grant defendant's motion to dismiss the charge of robbery with a dangerous weapon at the close of the evidence, because: (1) there was substantial evidence that defendant threatened to use a pocketknife in a manner making it a dangerous weapon and that the victim perceived the knife as a dangerous weapon; (2) the evidence was sufficient for the jury to determine whether defendant's brandishing of the pocketknife constituted a threat to the victim's life; and (3) the taking and threatened use of force was so joined by time and circumstances as to constitute a single transaction.

**4. Robbery— dangerous weapon—failure to instruct on lesser-included offense of misdemeanor larceny**

The trial court did not err in a robbery with a dangerous weapon case by failing to submit the lesser-included offense of misdemeanor larceny given the overwhelming evidence of defendant's guilt of robbery with a dangerous weapon.

Appeal by defendant from judgment dated 23 May 2002 by Judge Timothy L. Patti in Gaston County Superior Court. Heard in the Court of Appeals 12 June 2003.

*Attorney General Roy Cooper, by Special Deputy Attorney General Amar Majmundar, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender Julie Ramseur Lewis, for defendant appellant.*

BRYANT, Judge.

Jimmy Lee Bellamy (defendant) appeals from a judgment dated 23 May 2002 entered consistent with a jury verdict finding him guilty of robbery with a dangerous weapon. At trial beginning on 21 May 2002, after the jury had been impaneled, defendant moved for a mis-

trial. In support of this motion defendant stated that one of the jurors had indicated that she knew defendant and that he had been in jail. The parties and the trial court agreed that the juror had also indicated she could still be fair. The State contended the only statement the juror made was that she knew defendant from the jail. The juror's actual statement is not available as the transcript of jury selection is not included in the record on appeal.

The State's evidence against defendant tends to show that on 18 October 2001, defendant entered the Pic-A-Flick video store in Gastonia, North Carolina at about 10:45 p.m. Two store employees, John Edison and Tonya Curry, were present at the time. Defendant inquired where the adult videos were located, and Edison unlocked the room where those videos were stored. Defendant selected two empty video boxes, and Edison led him back to the counter. Edison handed the empty video boxes to Curry so she could place the actual videotapes in the boxes and Edison then returned behind the counter. Curry exclaimed, "He's bolting!" Edison saw defendant trying to run out of the store, so he grabbed a stapler from behind the counter and began pursuing defendant. Defendant first unsuccessfully attempted to flee through the store's entrance-only door, but then found the exit and ran across the parking lot with Edison in pursuit. As they came to the end of the lot, Edison threw the stapler at defendant but missed. The chase ended approximately twenty feet from the store when Defendant came to the entrance of a dead-end road. Defendant turned around waving a pocketknife and asked, "You want a piece of this?" Edison was within five or six feet of the defendant and decided that "movies are not worth getting cut over." Edison returned to the video store where he learned Curry had already called the police.

Officer Eric Howard testified that he responded to the call and began searching for the suspect. Officer Howard saw defendant, whom he recognized. Officer Howard chased defendant and ultimately caught and arrested him. Defendant was searched for weapons, and Officer Howard discovered the two adult videos and a donation can for the Children's Rights Fund Association. Edison identified defendant as the man who stole the videos. Officer Howard took defendant to the hospital for treatment of a cut he had received to his head. While being transported, defendant, despite Officer Howard's attempts to tell him not to say anything, admitted stealing "stuff" but denied having or using a knife. At the hospital, Officer Howard searched defendant's jacket and found a pocketknife with a two-to-three-inch blade. On cross-examination, defendant asked

Officer Howard if it was possible that defendant might have been under the influence at the time of his arrest. Officer Howard responded that "it was possible because I know his past, but that night I don't know for sure if he was or was not." Defendant did not object to Officer Howard's answer. Defendant presented no evidence, and the trial court denied his motion to dismiss. The trial court submitted the charges of robbery with a dangerous weapon and the lesser-included offense of common law robbery to the jury.

---

The issues are whether: (I) defendant sufficiently preserved for appellate review the grounds for his mistrial motion; (II) allowing Officer Howard's testimony on cross-examination that, based on his knowledge of defendant's past, it was possible defendant was under the influence constituted plain error; (III) the State presented sufficient evidence that defendant committed robbery with a dangerous weapon; and (IV) failure to submit the offense of misdemeanor larceny to the jury was prejudicial error.

I

[1] Defendant first argues the trial court abused its discretion by failing to grant his motion for mistrial based on the juror's allegedly inflammatory statement, which defendant asserts resulted in substantial and irreparable prejudice to him. Defendant, however, has failed to include the actual transcript of the voir dire during which the comment was made. The only references in this record to the statement are the conflicting interpretations of defendant and the State made during a very brief hearing on defendant's motion for a mistrial. Without an adequate record to fully reconstruct the juror's comments, this Court has no ability to determine whether prejudicial error occurred. *See State v. Moore*, 75 N.C. App. 543, 548, 331 S.E.2d 251, 254-55 (1985).

"[A]s a rule of practice, counsel who seek to rely upon an alleged impropriety in the jury selection process must provide the reviewing court with the relevant portions of the transcript of the jury voir dire." *Jackson v. Housing Authority of High Point*, 321 N.C. 584, 586, 364 S.E.2d 416, 417 (1988). Counsel's statement "cannot serve as a substitute for record proof." *Id.* Even if we assume defendant's characterization of the statement is correct, we are unable to determine how it was prejudicial in light of the juror's indication that she would remain impartial and without any other facts appearing in the record. Thus, the record before us is insufficient for appellate review and this assignment of error must be dismissed.

## II

**[2]** Defendant next asserts the trial court committed plain error by allowing Officer Howard to testify on cross-examination that, based on his knowledge of defendant, it was possible that defendant was under the influence. Defendant contends this was irrelevant, non-responsive, and highly prejudicial testimony. Officer Howard's testimony elicited on cross-examination, however, came in response to an attempt by defendant to show he was impaired at the time of his arrest and confession, thus undermining the reliability of the confession.

Due to defendant's failure to object to Officer Howard's testimony, such testimony would need to rise to the level of plain error to warrant a reversal. *See State v. Hartman,* 90 N.C. App. 379, 383, 368 S.E.2d 396, 398-99 (1988). Under plain error analysis, the burden is on the defendant to show that "absent the error the jury probably would have reached a different verdict." *Id.* (citations omitted). Given the overwhelming evidence of guilt in this case, based on the unequivocal and detailed testimony of Edison and Officer Howard that defendant stole the tapes through force and was subsequently caught with the tapes in his possession, defendant has failed to meet this burden. Thus, admission of Officer Howard's testimony was not plain error.

## III

**[3]** Defendant also argues the trial court erred by not granting his motion to dismiss the charge of armed robbery at the close of the evidence. Specifically, defendant contends there was insufficient evidence that: (A) the pocketknife was a dangerous weapon; (B) Edison's life was threatened or endangered; and (C) the use of force was part of the same transaction as the taking of the videos.

In order to withstand a motion to dismiss a charge of robbery with a dangerous weapon, the State is required to present substantial evidence of all the essential elements of that crime. *State v. Powell,* 299 N.C. 95, 101-02, 261 S.E.2d 114, 119 (1980). The essential elements of robbery with a dangerous weapon are "(1) the unlawful taking or attempt to take personal property from the person or in the presence of another (2) by use or threatened use of a firearm or other dangerous weapon (3) whereby the life of a person is endangered or threatened." *State v. Small,* 328 N.C. 175, 181, 400 S.E.2d 413, 416 (1991) (citation omitted).

STATE v. BELLAMY

[159 N.C. App. 143 (2003)]

## A. Dangerous Weapon

Defendant asserts that there was no evidence to support a finding that the pocketknife brandished by defendant was a dangerous weapon. A knife is not always a dangerous weapon *per se*; instead, the circumstances of the case are determinative. *See State v. Smallwood*, 78 N.C. App. 365, 368, 337 S.E.2d 143, 144 (1985). The determination of whether an object is a dangerous weapon "depends upon the nature of the instrument, the manner in which the defendant used it or threatened to use it, and in some cases the victim's perception of the instrument and its use." *State v. Peacock*, 313 N.C. 554, 563, 330 S.E.2d 190, 196 (1985). A pocketknife may be a dangerous weapon. *See State v. Sturdivant*, 304 N.C. 293, 301, 283 S.E.2d 719, 726 (1981).

In this case, defendant brandished a knife, submitted into evidence, with a two-to-three-inch blade. Defendant threatened Edison by asking, "do you want a piece of this?" Edison testified that it was not worth "getting cut over." This is substantial evidence that defendant threatened to use the pocketknife in a manner making it a dangerous weapon and that Edison perceived the knife as a dangerous weapon.

## B. Life Threatened or Endangered

Defendant also argues that Edison's life was not in fact endangered or threatened because the pocketknife was not a dangerous weapon capable of inflicting death or great bodily harm. As we have already noted, the evidence was sufficient for the jury to determine whether the pocketknife was in fact a dangerous weapon; the evidence was also sufficient for the jury to determine whether defendant's brandishing of it constituted a threat to Edison's life. *See also id.* ("pocketknife . . . is unquestionably capable of causing serious bodily injury or death").

## C. Continuous Transaction

Defendant further argues that defendant's taking of the videos and use of the pocketknife were not part of a single transaction, and thus, defendant could not be guilty of robbery with a dangerous weapon.

Robbery with a dangerous weapon requires that "the defendant's use or threatened use of a dangerous weapon must precede or be concomitant with the taking, or be so joined with it in a continuous trans-

action by time and circumstances as to be inseparable." *State v. Hope*, 317 N.C. 302, 306, 345 S.E.2d 361, 364 (1986). "[T]he exact time relationship, in armed robbery cases, between the violence and the actual taking is unimportant as long as there is one continuing transaction." *State v. Lilly*, 32 N.C. App. 467, 469, 232 S.E.2d 495, 496-97 (1977). Defendant argues that, since he had already taken the videos and left the premises, his threatening of Edison with the knife could not have been part of a single transaction. For purposes of robbery, however, "the taking is not over until after the thief succeeds in removing the stolen property from the victim's possession." *State v. Sumpter*, 318 N.C. 102, 111, 347 S.E.2d 396, 401 (1986). Property is in the legal possession of a person if it is under the protection of that person. *State v. Barnes*, 125 N.C. App. 75, 79, 479 S.E.2d 236, 238, *aff'd*, 347 N.C. 350, 492 S.E.2d 355 (1997) (per curiam). "Thus, just because a thief has physically taken an item does not mean that its rightful owner no longer has possession of it." *Id.*

In this case, defendant took the videos and fled with Edison in pursuit. The chase ended only about twenty feet from the video store; at no time did the chase cease or Edison lose sight of defendant; and defendant did not make good his escape until after threatening Edison with the knife. Defendant's brandishing of a weapon, as in *Barnes*, was necessary to complete the taking of the videos by thwarting Edison's attempt to retain lawful possession of them. *See id.* From these facts, the taking and threatened use of force was so joined by time and circumstances so as to constitute a single transaction. Thus, the trial court did not err in denying the motion to dismiss as there was substantial evidence that the pocketknife was a dangerous weapon used to threaten Edison's life during the theft of the videos.[1]

## IV

**[4]** Defendant further argues that the jury should have been instructed on misdemeanor larceny. First, defendant again raises the contention that there was no continuous transaction between the taking and brandishing of the weapon, which we have already rejected. Alternatively, defendant claims his denial of possessing or using a knife to Officer Howard constituted conflicting evidence as to

---

1. Because we conclude that the taking and threat of force constituted a single continuous transaction, we reject defendant's assignment of error that the trial court erred in submitting the offense of common law robbery to the jury. Under this same rationale, we also reject the contention that the trial court was required to separately submit to the jury the offenses of assault and assault with a deadly weapon.

whether he was wielding a knife. Larceny is a lesser-included offense of robbery with a dangerous weapon. *State v. White*, 322 N.C. 506, 514, 369 S.E.2d 813, 817 (1988). Due process requires that a lesser-included offense should be submitted to the jury when there is evidence supporting a finding that the lesser included-offense has been committed. *See State v. Arnold*, 329 N.C. 128, 139, 404 S.E.2d 822, 829 (1991). The trial court is not required to submit a lesser-included offense "when the State's evidence is positive as to every element of the crime charged and there is no conflicting evidence relating to any element of the crime charged." *State v. Smith*, 110 N.C. App. 119, 134, 429 S.E.2d 425, 432 (citations omitted), *aff'd*, 335 N.C. 162, 435 S.E.2d 770 (1993) (per curiam).

In this case, defendant's statement to Officer Howard that he did not have or use a knife constituted conflicting evidence of the dangerous weapon element of robbery with a dangerous weapon and clearly supported submission of the offense of common law robbery to the jury. If we were to assume that defendant's statement also amounted to evidence that defendant committed no robbery at all and instead committed only misdemeanor larceny, *see White*, 322 N.C. at 518, 369 S.E.2d at 819, failure to submit the misdemeanor offense to the jury was harmless beyond a reasonable doubt, *see* N.C.G.S. § 15A-1443(b) (2001) (violation of constitutional rights is prejudicial, unless appellate court concludes error is harmless beyond a reasonable doubt). Although, defendant denied possessing or using a knife to accomplish the taking, he did not deny his threat of force and even admitted to Officer Howard that he did in fact turn to Edison and state, "what you [sic] going to do." Edison's testimony unequivocally shows that in a single, continuous transaction defendant stole the videotapes and, in order to escape from Edison, threatened him with a knife after a pursuit that ended only about twenty feet from the store. That knife was found later that night by Officer Howard in defendant's jacket pocket. It has been made an exhibit to the record on appeal and is available for review by this Court. Given the overwhelming evidence of defendant's guilt of robbery with a dangerous weapon, we hold the trial court did not commit reversible error in failing to submit the offense of misdemeanor larceny to the jury.

No error.

Judges McGEE and GEER concur.