STATE OF NORTH CAROLINA, v. GARY RANCE HURLEY, DEFENDANT-APPELLANT

No. COA06-329

(Filed 19 December 2006)

## 1. Robbery— brandishing knife after shoplifting confrontation—continuous transaction

Upon a motion to dismiss, the trial court must view the evidence in the light most favorable to the State rather than in a tortured, technical sense that totally favors defendant. The trial court here did not err by denying defendant's motion to dismiss a charge of robbery with a dangerous weapon where defendant contended that he abandoned his intent to take a chainsaw he had shoplifted by pushing away a shopping cart containing the chainsaw before drawing a knife, threatening a store employee, and escaping. Defendant was confronted by the store employee; the evidence does not permit the inference that he voluntarily abandoned the merchandise.

## 2. Robbery— lesser included offense of misdemeanor larceny—instruction not given

The trial court did not err in an armed robbery prosecution by denying defendant's motion to charge on misdemeanor larceny. The State presented sufficient evidence of each element of robbery with a dangerous weapon and defendant presented no evidence to negate those elements.

## 3. Appeal and Error— preservation of issues—instruction—no objection at trial—no assignment of error—no plain error

An argument concerning an instruction in an armed robbery prosecution was not properly before the appellate court where there was no objection at trial, defendant did not assign error to this portion of the charge, and defendant did not argue plain error.

**4. Sentencing— prior record level—stipulation**

Stipulations do not require affirmative statements and silence may be deemed assent, particularly if defendant did not take advantage of the opportunity to object. Here, defendant's counsel stipulated to his prior record level by asking for work release rather than objecting to the State's worksheet when he had the opportunity. N.C.G.S. § 15A-1340.14(f).

Appeal by defendant from judgment entered 30 March 2005 by Judge Paul L. Jones in Wayne County Superior Court. Heard in the Court of Appeals 1 November 2006.

*Roy Cooper, Attorney General, by Victoria L. Voight, Special Deputy Attorney General, for the State.*

*Irving Joyner, for defendant-appellant.*

STEELMAN, Judge.

Defendant asserts that his admitted act of larceny was either abandoned or completed prior to brandishing a knife and threatening a store employee, and therefore he was improperly convicted of robbery with a dangerous weapon. For the reasons set forth in this opinion, we hold that defendant received a fair trial, free from error.

The State's evidence tended to show that on 14 July 2004 defendant was in the Lowe's store in Goldsboro, N.C. The store's district loss prevention manager, Carl Hawkins, observed defendant place a chainsaw in a shopping cart and push it toward the front of the store. Hawkins recognized defendant as a prior shoplifter and proceeded to the front of the store, where defendant exited the store without having paid for the chainsaw. Hawkins summoned an employee, Tideus Lewis, to assist in apprehending defendant. Lewis ran after defendant in the parking lot. Defendant turned around, pushed the shopping cart away, pulled out a knife, and threatened to cut Lewis. Defendant fled from the parking lot in an accomplice's vehicle. A video system installed in the store recorded the events that took place inside and just outside of the store. Hawkins testified to similar encounters with defendant in the past. A jury found defendant guilty of robbery with a dangerous weapon. He received an active sentence of 133 months to 169 months imprisonment. Defendant appeals.

[1] In his· first argument, defendant contends that the trial court erred in denying his motion to dismiss the charge of robbery with a

dangerous weapon at the close of the State's evidence and at the conclusion of all of the evidence. We disagree.

Robbery with a dangerous weapon requires that the State prove the defendant took the "personal property of another, in his presence or from his person, without his consent by endangering or threatening his life with a firearm or other dangerous weapon, with the [defendant] knowing he is not entitled to the property and intending to permanently deprive the owner of the property." *State v. Washington*, 142 N.C. App. 657, 660, 544 S.E.2d 249, 251 (2001); N.C. Gen. Stat. § 14-87(a) (2005). The use of a dangerous weapon must precede or be concomitant with the taking. *State v. Hope*, 317 N.C. 302, 305, 345 S.E.2d 361, 363 (1986). "Where a continuous transaction occurs, the temporal order of the threat or use of a dangerous weapon and the taking is immaterial." *State v. Olson*, 330 N.C. 557, 566, 411 S.E.2d 592, 597 (1992).

In the instant case, the State presented substantial evidence that defendant used a dangerous weapon concomitantly with the 14 July 2004 taking. Defendant left the store with the chainsaw. Defendant argues that he had abandoned his intent to take the property by pushing the shopping cart away immediately prior to brandishing the knife and threatening Lewis. He then extrapolates from the abandonment of his intent to take the chainsaw that the exhibition and use of the knife were solely for the purpose of avoiding apprehension and were unrelated to the taking. We reject such technical temporal parsing of defendant's actions.

Upon a motion to dismiss, the trial court must view the evidence in the light most favorable to the State. *State v. Davis*, 340 N.C. 1, 12, 455 S.E.2d 627, 632 (1995). The trial court is not required to view the evidence in a tortured, technical sense that is totally favorable to the defendant. When viewed in the light most favorable to the State, it is apparent that the State presented substantial evidence of each element of robbery with a dangerous weapon. When confronted with his theft by Lewis, defendant shoved the shopping cart away, brandished a knife, threatened Lewis, and then fled. This does not permit the inference that defendant voluntarily abandoned the chainsaw. *See State v. Smith*, 268 N.C. 167, 172-73, 150 S.E.2d 194, 200 (1966). Rather, a continuous transaction occurred from the taking of the chainsaw to defendant's brandishing the knife and then fleeing. *State v. Bellamy*, 159 N.C. App. 143, 148-49, 82 S.E.2d 663, 167-68 (2003). The shoving away of the shopping cart when faced with imminent apprehension does not evince a voluntary intent to abandon the fruits

of defendant's thievery. "An abandonment to mere chance is such reckless exposure to loss that the guilty party should be held criminally responsible for an intent to lose" permanently. *Smith,* 268 N.C. at 171, 150 S.E.2d at 199 (quoting *State v. Davis,* 38 N.J.L. 176, 20 Am. Rep. 367 (1875)). This argument is without merit.

[2] In his second argument, defendant contends that the trial court should have instructed the jury on misdemeanor larceny as a lesser included offense of robbery with a dangerous weapon. We disagree.

A jury instruction on a lesser included offense is required if it is supported by the evidence. But where the evidence is clear as to each element of the offense charged, the trial court may refrain from submitting a lesser included offense instruction to the jury. *State v. Lawrence,* 352 N.C. 1, 19, 530 S.E.2d 807, 819 (2000). "The mere contention that the jury might accept the State's evidence in part and might reject it in part is not sufficient to require submission to the jury of a lesser offense." *State v. Black,* 21 N.C. App. 640, 643-44, 205 S.E.2d 154, 156, *aff'd,* 286 N.C. 191, 209 S.E.2d 458 (1974). If none of the evidence presented to the trial court supports a crime of a lesser degree, a jury instruction on the lesser included offense is not required. *See Smith,* 268 N.C. at 173, 150 S.E.2d at 200.

In the instant case, the State presented sufficient evidence as to each element of robbery with a dangerous weapon. Defendant presented no evidence to negate those elements. The trial court did not err in denying defendant's motion to charge the jury on misdemeanor larceny. *See State v. Barnes,* 125 N.C. App. 75, 80, 479 S.E.2d 236, 239, *aff'd per curiam,* 347 N.C. 350, 492 S.E.2d 355 (1997).

[3] During his discussion of this argument, defendant attempts to raise an issue as to whether the trial court erred in not instructing the jury as to the requirement that the use of the dangerous weapon had to be part of a continuous transaction. There was no objection to this portion of the charge at trial, defendant failed to assign error to this portion of the charge, and defendant failed to assert or argue that any error was plain error. As such, this argument is not properly before this Court. N.C. R. App. P. 10(b)(2) & 10(c)(4) (2006). This argument is without merit.

[4] In his third argument, defendant contends that the trial court did not determine his prior record level correctly. We disagree.

Defendant argues that the State failed to satisfy the requirements of N.C. Gen. Stat. § 15A-1340.14(f) to prove defendant's prior convic-

tions. Under N.C. Gen. Stat. § 15A-1340.14(f), prior convictions can be proved through:

(1) Stipulation of the parties.

(2) An original or copy of the court record of the prior conviction.

(3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts.

(4) Any other method found by the court to be reliable.

The burden of proof is on the State to show that a prior conviction exists and that the defendant is the same person as the offender in the prior conviction. *State v. Eubanks*, 151 N.C. App. 499, 505, 565 S.E.2d 738, 742 (2002). A sentencing worksheet standing alone, prepared by the State and listing a defendant's prior convictions, is insufficient proof of prior convictions. *Id.* Stipulations do not require affirmative statements and silence may be deemed assent in some circumstances, particularly if the defendant had an opportunity to object, yet failed to do so. *State v. Alexander*, 359 N.C. 824, 828-29, 616 S.E.2d 914, 917-18 (2005).

A sentencing worksheet was submitted to the trial court by the State. We examine the dialogue between counsel and the trial court at the sentencing hearing to determine whether defendant stipulated to the prior convictions shown on the worksheet. *State v. Cromartie*, 177 N.C. App. 73, 80, 627 S.E.2d 677, 682 (2006). At the sentencing hearing, the following dialogue took place:

THE COURT: Okay. Anything else, [Prosecutor]?

[PROSECUTOR]: Judge, as you can see from his record, it's enough to make you cringe how many convictions he has. He's been stealing for a living since 1990. It's time for it to stop. I'm asking for the top, the very top, of the presumptive range. A Level Five as a Class D. It's time for him to stop.

THE COURT: [Defense Counsel], I'll hear from you.

[DEFENSE COUNSEL]: Your Honor, I request whatever sentence the Court gives him he be granted work release.

THE COURT: Okay. Mr. Hurley, anything you want to say, sir?

THE DEFENDANT: No, Sir.

In the instant case, defendant had an opportunity to object and rather than doing so, asked for work release. Defendant did not object to any of the convictions shown on the worksheet at any time during the hearing. *State v. Crawford,* 179 N.C. App. 613, 620, 634 S.E.2d 909, 914 (2006). While the sentencing worksheet submitted by the State was alone insufficient to establish defendant's prior record level, the conduct of defendant's counsel during the course of the sentencing hearing constituted a stipulation of defendant's prior convictions sufficient to meet the requirements of N.C. Gen. Stat. § 15A-1340.14(f). This argument is without merit.

Defendant failed to argue his remaining assignments of error in his brief and they are therefore deemed abandoned pursuant to N.C. R. App. P. 28(b)(6).

For the reasons discussed herein, we hold defendant's conviction for robbery with a dangerous weapon was free from error.

NO ERROR.

Judges McGEE and BRYANT concur.