STATE OF NORTH CAROLINA v. RAYMOND BARTLETT PORTER

No. COA08-1497

(Filed 7 July 2009)

**1. Robbery— common law robbery—motion to dismiss—sufficiency of evidence—continuous transaction**

The trial court did not err by denying defendant's motion to dismiss the charge of common law robbery based on alleged insufficient evidence because: (1) defendant's use of violence was concomitant with and inseparable from the theft of the property from a store when defendant exited the store carrying a large box of shoes and had a shirt concealed in his pants; the store manager confronted defendant in the parking lot and attempted to retrieve the stolen property; and defendant struck the store manager with his fist, causing him to fall to the ground unconscious; (2) our Court of Appeals has uniformly held in armed rob-

bery cases that there is sufficient evidence to support a jury find-
ing of a continuous transaction where the defendant exits a store
with stolen merchandise and, while in the store parking lot, uses
or threatens to use a dangerous weapon on store personnel to
facilitate his escape from the premises; (3) the only distinction
between the instant case and armed robbery cases is that defend-
ant used his fist rather than a dangerous weapon in the commis-
sion of the robbery; (4) the fact that defendant set the box of
shoes down when confronted by the store manager does not
mean that the theft was complete and the assault was a separate
act, nor does the fact that defendant abandoned the shoes after
assaulting the store manager change this result; and (5) regard-
less of what occurred with the shoes, defendant absconded with
a shirt after assaulting the store manager, and without the assault,
defendant would have been apprehended in the parking lot and
not at a cafeteria.

**2. Robbery— common law robbery—failure to submit lesser-
included offense of misdemeanor larceny**

The trial court did not err by denying defendant's request for
misdemeanor larceny to be submitted as a lesser-included offense
of common law robbery because: (1) although defendant con-
tends it was constitutional error and subjected to review under
N.C.G.S. § 15A-1443(b), defendant made no constitutional argu-
ment at trial and thus cannot assert this argument on appeal; (2)
the only conflict in the State's evidence concerning the element of
violence or intimidation was whether defendant struck the store
manager or pushed him as defendant stated to the police; (3)
given that the State's evidence was uncontroverted that the
assault knocked the store manager unconscious, whether it was a
blow with the fist or a push was immaterial, and the element of
violence was uncontroverted; and (4) the parking lot cases deal-
ing with continuous transactions in the context of armed robbery
have consistently refused to segment defendant's conduct into
the two separate crimes of misdemeanor assault and misde-
meanor larceny.

Appeal by defendant from judgment entered 7 August 2008 by
Judge Richard D. Boner in Mecklenburg County Superior Court.
Heard in the Court of Appeals 20 May 2009.

**STATE v. PORTER**

[198 N.C. App. 183 (2009)]

*Attorney General Roy Cooper, by Assistant Attorney General Hilda Burnett-Baker, for the State.*

*Haral E. Carlin, for defendant-appellant.*

STEELMAN, Judge.

Where the State offered substantial evidence to establish every element of common law robbery, the trial court did not err by denying defendant's motion to dismiss the charge. The trial court did not err by failing to instruct the jury on the lesser included offense of misdemeanor larceny.

## I. Factual and Procedural Background

The State's evidence tended to show that on 4 October 2007, Lee Earl Pettit (Mr. Pettit) was the store manager for Rugged Warehouse on East Independence Boulevard in Charlotte. Mr. Pettit and two of his employees were unloading a delivery truck at the rear of the store when Mr. Pettit heard the store alarm go off. Mr. Pettit determined that the fire exit in the footwear section of the store had been breached. This fire exit was located at the rear of the store in the same general area of the parking lot where Mr. Pettit and his employees were unloading the delivery truck.

Mr. Pettit observed Raymond Bartlett Porter (defendant) standing outside near the fire exit. As Mr. Pettit started walking towards defendant, he observed defendant pick up a large box containing 14 pairs of shoes and carry it towards a burgundy SUV parked in the back of the store. Mr. Pettit recognized the box as property belonging to the Rugged Warehouse and demanded that defendant relinquish the stolen merchandise. As the vehicle slowly approached defendant, he dropped the box of shoes on the hood of the SUV. The driver of the vehicle accelerated out of the store parking lot causing the box of shoes to fall from the vehicle's hood onto the ground. Mr. Pettit then proceeded towards the stolen box of shoes. As Mr. Pettit was moving towards the box of shoes, defendant approached Mr. Pettit and struck him with his fist in the jaw. Mr. Pettit was knocked unconscious to the ground. Defendant ran from the store parking lot, carrying off with him a stolen Carthart shirt belonging to Rugged Warehouse. Defendant was subsequently apprehended at K&W Cafeteria with the stolen Carthart shirt concealed in his pants.

Defendant admitted to taking both the shoes and the Carthart shirt from Rugged Warehouse, but asserted that he only "pushed" Mr. Pettit.

On 15 October 2007, defendant was indicted for common law robbery. On 7 August 2008, the jury returned a verdict of guilty to the charge of common law robbery. The trial court found Porter to be a record level VI for felony sentencing purposes. Defendant was sentenced to an active term of twenty-nine to thirty-five months in the North Carolina Department of Corrections. Defendant appeals.

## II. Motion to Dismiss

[1] In his first argument, defendant contends that the trial court erred in denying his motion to dismiss the charge of common law robbery based upon insufficient evidence to support each element of the offense. We disagree.

> In reviewing the denial of a defendant's motion to dismiss, this Court determines only whether the evidence adduced at trial, when taken in the light most favorable to the State, was sufficient to allow a rational juror to find defendant guilty beyond a reasonable doubt on each essential element of the crime charged.

*State v. Cooper*, 138 N.C. App. 495, 497, 530 S.E.2d 73, 75, *aff'd per curiam*, 353 N.C. 260, 538 S.E.2d 912 (2000) (citation omitted). "The State is entitled to all inferences that may be fairly derived from the evidence." *Id*. Contradictions and discrepancies in the evidence must be resolved in favor of the State, *State v. Berryman*, 170 N.C. App. 336, 340, 612 S.E.2d, 672, 675, *aff'd*, 360 N.C. 209, 624 S.E.2d 350· (2006) (citation omitted), and do not warrant dismissal. *State v. Workman*, 309 N.C. 594, 599, 308 S.E.2d 264, 267 (1983) (quotation omitted).

"Common law robbery is the felonious, non-consensual taking of money or personal property from the person or presence of another by means of violence or fear." *State v. Smith*, 305 N.C. 691, 700, 292 S.E.2d 264, 270 (1982) (citations omitted), *cert. denied*, 459 U.S. 1056, 74 L. Ed. 2d 622 (1982).

The element of violence must precede or be concomitant with the taking in order for the crime of robbery to be committed. *State v. Sumpter*, 318 N.C. 102, 111, 347 S.E.2d 396, 401 (1986). It is well-settled that "the exact time relationship, in armed robbery cases, between the violence and the actual taking is unimportant as long as there is one continuing transaction amounting to armed robbery with the elements of violence and of taking so joined in time and circumstances as to be inseparable." *State v. Hope*, 317 N.C. 302, 305-06, 345 S.E.2d 361, 363-64 (1986) (quotation omitted). To constitute robbery,

the element of taking is not complete until the thief succeeds in removing the stolen property from the possession of the victim. *Sumpter*, 318 N.C. at 111, 347 S.E.2d at 401. "Property is in the legal possession of a person if it is under the protection of that person." *State v. Bellamy*, 159 N.C. App. 143, 149, 582 S.E.2d 663, 668, *cert. denied*, 357 N.C. 579, 589 S.E.2d 130 (2003) (citation omitted). "Thus, just because a thief has physically taken an item does not mean that its rightful owner no longer has possession of it." *State v. Barnes*, 125 N.C. App. 75, 79, 479 S.E.2d 236, 238, *aff'd per curiam*, 347 N.C. 350, 492 S.E.2d 355 (1997).

Defendant argues that at the time he assaulted Mr. Pettit, he had relinquished possession of the stolen property and that the assault did not induce Mr. Pettit to give up the property of his employer. This argument fails for two reasons.

First, defendant's use of violence was concomitant with and inseparable from the theft of the property of Rugged Warehouse. Defendant exited the store carrying a large box of shoes and had the Carthart shirt concealed in his pants. The store manager confronted defendant in the parking lot and attempted to retrieve the stolen property. Defendant struck the store manager with his fist, causing him to fall to the ground unconscious.

In armed robbery cases, this Court has uniformly held that there is sufficient evidence to support a jury finding of a continuous transaction where the defendant exits a store with stolen merchandise and, while in the store parking lot, uses or threatens to use a dangerous weapon on store personnel to facilitate his escape from the premises. *See Barnes*, 125 N.C. App. at 75, 479 S.E.2d at 236; *Bellamy*, 159 N.C. App. at 143, 582 S.E.2d at 663; *State v. Hurley*, 180 N.C. App. 680, 637 S.E.2d 919, *disc. review denied*, 361 N.C. 433, 649 S.E.2d 394 (2007); *State v. Hill*, 182 N.C. App. 88, 641 S.E.2d 380 (2007).

A victim of common law robbery is necessarily put in fear by the violence or threat of the defendant. However, when there is an actual danger or threat to the victim's life—by the possession, use, or threatened use of a dangerous weapon—the defendant may be charged and convicted of armed robbery rather than common law robbery.

*State v. Duff*, 171 N.C. App. 662, 671, 615 S.E.2d 373, 380 (citations omitted), *disc. review denied*, 359 N.C. 854, 619 S.E.2d 853 (2005). "The difference between the two crimes is the use of a dangerous

weapon in the commission of the robbery." *State v. Ryder*, 196 N.C. App. 56, 65, 674 S.E.2d 805, 811 (2009) (citation omitted). "Absent the firearm or dangerous weapon element, the offense constitutes common law robbery." *State v. Gaither*, 161 N.C. App. 96, 100, 587 S.E.2d 505, 508 (2003), *disc. review denied*, 358 N.C. 157, 593 S.E.2d 83 (2004).

   Thus, the only distinction between the instant case and the above-cited armed robbery cases is that here, defendant used his fist rather than a dangerous weapon in the commission of the robbery. The taking of the property and the violence directed at Mr. Pettit were all part of a continuous transaction. The fact that defendant set the box of shoes down when confronted by Mr. Pettit does not mean that the theft was complete and the assault was a separate act. *Bellamy*, 159 N.C. App. at 143, 582 S.E.2d at 663. Nor does the fact that defendant abandoned the shoes after assaulting Mr. Pettit change this result. In *State v. Hurley*, when confronted by a store employee after pushing a chainsaw out of the store in a shopping cart, defendant brandished a knife, pushed the shopping cart away, and fled. *Hurley*, 180 N.C. App. at 680, 637 S.E.2d at 919. This Court held that "[t]he shoving away of the shopping cart when faced with imminent apprehension does not evince a voluntary intent to abandon the fruits of defendant's thievery." *Id.* at 682-83, 637 S.E.2d at 922.

   Second, regardless of what occurred with the shoes, defendant absconded with the Carthart shirt after assaulting Mr. Pettit. Without the assault, defendant would have been apprehended in the parking lot and not at the cafeteria. Clearly, with respect to the shirt, the assault on Mr. Pettit was part of a continuous transaction.

   This argument is without merit.

### III.  Misdemeanor Larceny

**[2]** In his second argument, defendant contends that the trial court erred in denying his request for misdemeanor larceny to be submitted as a lesser included offense of common law robbery. We disagree.

   Defendant asserts that this was constitutional error and subject to review pursuant to N.C. Gen. Stat. § 15A-1443(b). However, defendant made no constitutional argument at trial, and cannot assert such an argument on appeal. *See State v. Allen*, 360 N.C. 297, 313, 626 S.E.2d 271, 284 (stating as a general rule, our appellate courts "will not consider constitutional arguments raised for the first time on appeal." (citation omitted)), *cert. denied*, 549 U.S. 867, 166 L. Ed. 2d

116 (2006). This issue is reviewed pursuant to N.C. Gen. Stat. § 15A-1443(a).

It is well-settled that "the trial court must submit and instruct the jury on a lesser included offense when, and only when, there is evidence from which the jury could find that defendant committed the lesser included offense." *State v. Rhinehart*, 322 N.C. 53, 59, 366 S.E.2d 429, 432 (1988) (quotation omitted). But when the State's evidence is positive as to each element of the crime charged and there is no conflicting evidence relating to any element, the submission of a lesser included offense is not required. *Id.* at 59, 366 S.E.2d at 432-33. "The mere contention that the jury might accept the State's evidence in part and might reject it in part is not sufficient to require submission to the jury of a lesser offense." *State v. Black*, 21 N.C. App. 640, 643-44, 205 S.E.2d 154, 156, *aff'd*, 286 N.C. 191, 209 S.E.2d 458 (1974) (citation omitted).

Defendant argues that "[b]ecause the State presented conflicting evidence on the greater crime, common law robbery, the trial court should have submitted the instruction to the jury to consider larceny."

Robbery is an aggravated form of larceny, and absent the element of violence or intimidation, the offense becomes larceny. *State v. Bailey*, 4 N.C. App. 407, 411, 167 S.E.2d 24, 26 (1969) (citation omitted). The only conflict in the State's evidence concerning the element of violence or intimidation was whether defendant struck Mr. Pettit, or "pushed" him as defendant stated to the police. Given that the State's evidence was uncontroverted that the assault knocked Mr. Pettit unconscious, whether it was a blow with the fist, or a "push" is immaterial. The element of violence was uncontroverted, and the trial court correctly declined to submit misdemeanor larceny as a lesser included offense.

We also note that the parking lot cases dealing with continuous transactions in the context of armed robbery have consistently refused to segment defendant's conduct into the two separate crimes of misdemeanor assault and misdemeanor larceny. *See Barnes*, 125 N.C. App. at 75, 479 S.E.2d at 236; *Hill*, 182 N.C. App. at 88, 641 S.E.2d at 380.

This argument is without merit.

Defendant expressly abandoned his third assignment of error, and it is not addressed. N.C.R. App. P. 28(b)(6) (2008).

NO ERROR.

Judges HUNTER, Robert C. and GEER concur.