An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-240

Filed: @

Mecklenburg County, Nos. 12 CRS 217536, 33966

STATE OF NORTH CAROLINA

      v.

HORACE HAMID KERSEY, Defendant.

Appeal by defendant from judgment entered 10 June 2014 by Judge Nathaniel J. Poovey in Mecklenburg County Superior Court. Heard in the Court of Appeals 9 September 2015.

> *Roy Cooper, Attorney General, by Robert D. Croom, Assistant Attorney General, for the State.*

> *Staples Hughes, Appellate Defender, by David W. Andrews, Assistant Appellate Defender, for defendant-appellant.*

ZACHARY, Judge.

Where there was evidence at trial to support a finding that a weapon was not dangerous, the trial court did not err in instructing the jury on the lesser included offense of common law robbery. Where a prior record level worksheet alone was insufficient to support a finding of defendant's prior record level, the trial court erred in its sentence.

I. Factual and Procedural Background

On 21 April 2012, Keith Scott was approached at a bus stop by a man wearing a red jersey and black jeans, asking for money. Scott replied that he did not have any money and entered a nearby store. Scott exited the store and crossed the street to a business center; the man followed him. When Scott emerged, the man approached him again. Scott told the man that he did not have anything, and the man insisted, "I am not talking about money. I am talking about cocaine." Scott then took a phone call for about five minutes. When Scott completed his call, the man removed a razor blade from his mouth, approached Scott, and put the blade to Scott's neck. The man then took Scott's gold necklace and put it in his own pocket. Scott followed the man for some time, before the man fled from view. Scott then called 911 and gave the dispatcher a description of the man.

Officer Corey Geohagan responded to the call. Seeing a man matching the description given by Scott, Officer Geohagan ordered the man to stop. Officer Geohagan found a gold necklace on the man's person and a razor blade in his left hand. Scott identified the man as the person who took his necklace, and identified the necklace found on the man's person as his. The man identified himself as Horace Kersey (defendant).

Defendant was indicted for robbery with a dangerous weapon, being an habitual felon, and being a violent habitual felon. The trial court instructed the jury on robbery with a dangerous weapon and on the lesser included offense of common

law robbery.  On 10 June 2014, the jury found defendant guilty of common law robbery and of being an habitual felon.  The trial court determined that defendant had a prior record level of VI and sentenced him to 146-188 months imprisonment.

Defendant appeals.

## II. Lesser Included Offense

In his first argument, defendant contends that the trial court erred in instructing the jury on the lesser included offense of common law robbery.  We disagree.

## A. Standard of Review

"[Arguments] challenging the trial court's decisions regarding jury instructions are reviewed *de novo* by this Court." *State v. Osorio*, 196 N.C. App. 458, 466, 675 S.E.2d 144, 149 (2009). "The prime purpose of a court's charge to the jury is the clarification of issues, the elimination of extraneous matters, and a declaration and an application of the law arising on the evidence." *State v. Cameron*, 284 N.C. 165, 171, 200 S.E.2d 186, 191 (1973), *cert. denied*, 418 U.S. 905, 41 L. Ed. 2d 1153 (1974). "[A] trial judge should not give instructions to the jury which are not supported by the evidence produced at the trial." *Id.* "Where jury instructions are given without supporting evidence, a new trial is required." *State v. Porter*, 340 N.C. 320, 331, 457 S.E.2d 716, 721 (1995).

"An instruction on a lesser-included offense must be given only if the evidence would permit the jury rationally to find defendant guilty of the lesser offense and to acquit him of the greater." *State v. Millsaps*, 356 N.C. 556, 561, 572 S.E.2d 767, 771 (2002).

## B. Analysis

At trial, the jury was instructed on the crimes of robbery with a dangerous weapon and common law robbery, together with the doctrine of recent possession. Defendant contends, however, that the instruction on common law robbery was not supported by the evidence because the only evidence established that defendant used a dangerous weapon.

It is axiomatic that "[c]ommon law robbery is the felonious, non-consensual taking of money or personal property from the person or presence of another by means of violence or fear." *State v. Porter*, 198 N.C. App. 183, 186, 679 S.E.2d 167, 169-70 (2009) (quoting *State v. Smith,* 305 N.C. 691, 700, 292 S.E.2d 264, 270 (1982)). In contrast, "when there is an *actual* danger or threat to the victim's life—by the possession, use, or threatened use of a dangerous weapon—the defendant may be charged and convicted of armed robbery rather than common law robbery." *Id.* at 187, 679 S.E.2d at 170 (quoting *State v. Duff,* 171 N.C. App. 662, 671, 615 S.E.2d 373, 380 (2005)) (emphasis added). "The difference between the two crimes is the use of a dangerous weapon in the commission of the robbery." *Id.* at 187-88, 679 S.E.2d at

170 (quoting *State v. Ryder,* 196 N.C. App. 56, 65, 674 S.E.2d 805, 811 (2009)). "Absent the firearm or dangerous weapon element, the offense constitutes common law robbery." *Id.* at 188, 679 S.E.2d at 170 (quoting *State v. Gaither,* 161 N.C. App. 96, 100, 587 S.E.2d 505, 508 (2003), *disc. review denied,* 358 N.C. 157, 593 S.E.2d 83 (2004)).

The issue of what is considered to be a dangerous weapon is well-settled under North Carolina law. When a device is used that gives the impression of being a dangerous weapon, "*the law presumes,* in the absence of any evidence to the contrary, that the instrument is what his conduct represents it to be—an implement endangering or threatening the life of the person being robbed." *State v. Spellman,* 167 N.C. App. 374, 390, 605 S.E.2d 696, 706 (2004) (quoting *State v. Joyner,* 312 N.C. 779, 782, 324 S.E.2d 841, 844 (1985)) (emphasis in original). At this point the defendant must "'come forward with *some evidence* (or take advantage of evidence already offered by the prosecution) to rebut the connection between the basic and elemental facts [.]'" *Id.* at 390, 605 S.E.2d at 706 (quoting *State v. White,* 300 N.C. 494, 507, 268 S.E.2d 481, 489 (1980) (emphasis in original)). In contrast, "[w]hen *any evidence* is introduced tending to show that the life of the victim was not endangered or threatened, 'the mandatory presumption disappears, leaving only a mere permissive inference' that requires the trial court to instruct the jury on common-law robbery as well as armed robbery." *Id.* at 390, 605 S.E.2d at 706 (quoting *Joyner,* 312

N.C. at 783, 324 S.E.2d at 844) (emphasis in original) (internal quotations omitted). Accordingly, this Court found that in order to determine whether the trial court in *Spellman* correctly instructed "only on armed robbery, 'the dispositive issue ... is whether any substantial evidence was introduced at trial tending to show affirmatively that the instrument used by the defendant was not a firearm or deadly weapon[.]'" *Id.* at 390, 605 S.E.2d at 706 (quoting *State v. Williams,* 335 N.C. 518, 523, 438 S.E.2d 727, 729 (1994)).

In the instant case, Scott testified that defendant threatened Scott with a razor blade, and when Officer Geohagan apprehended him, defendant was holding a razor blade. The determinative question remains, however, whether the razor blade was a deadly weapon. If it was not, an instruction on the lesser offense of common law robbery would have been appropriate.

At trial, two pieces of evidence suggested that the razor blade was not dangerous. First, Scott testified that during the robbery the blade was touching his neck, but that he was not injured by the contact. Second, Scott testified that defendant obtained the razor blade from defendant's own mouth, where defendant had been storing it with no apparent ill effect. Scott's testimony indicated that defendant had been speaking with the razor blade in his mouth without any discernable injury or discomfort.

We hold that these facts, taken together, constitute evidence sufficient to support a finding that the razor blade under consideration was not a deadly weapon, thereby supporting an instruction on common law robbery. Accordingly, we hold that the trial court did not err in instructing the jury on the lesser included offense of common law robbery.

Defendant raises no argument with respect to the other elements of robbery with a dangerous weapon. Accordingly, such arguments are deemed abandoned pursuant to Rule 28(b)(6) of the North Carolina Rules of Appellate Procedure.

This argument is without merit.

### III. Prior Record Level

In his second argument, defendant contends that the trial court erred in sentencing him at prior record level VI. We agree.

### A. Standard of Review

This Court reviews alleged sentencing errors for "'whether [the] sentence is supported by evidence introduced at the trial and sentencing hearing.'" *State v. Deese*, 127 N.C. App. 536, 540, 491 S.E.2d 682, 685 (1997) (quoting N.C. Gen. Stat. § 15A-1444(a1) (Cum. Supp. 1996)).

"The State bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists and that the offender before the court is the same person

as the offender named in the prior conviction." N.C. Gen. Stat. § 15A-1340.14(f) (2013).

## B. Analysis

During the sentencing hearing, the State presented the trial court with a prior record level worksheet indicating that defendant had a prior record level of VI. Defendant explicitly refused to stipulate to this prior record level. On appeal, defendant contends that this worksheet alone was insufficient to support the trial court's determination of his prior record level.

At sentencing, the State bears the burden of proving that a prior conviction exists and that the defendant is the offender named therein. N.C. Gen. Stat. § 15A-1340.14(f). "There is no question that a worksheet, prepared and submitted by the State, purporting to list a defendant's prior convictions is, without more, insufficient to satisfy the State's burden in establishing proof of prior convictions." *State v. Eubanks*, 151 N.C. App. 499, 505, 565 S.E.2d 738, 742 (2002).

In the instant case, defendant contends that the State submitted only the prior record level worksheet to support its assertion of defendant's prior record level. The State, in its appellate brief, contends otherwise. Specifically, the State presents an excerpt from the transcript, in which the State approached the bench and discussed a "record." The State contends that this excerpt suggests that defendant's

Department of Criminal Information record was submitted to the trial court at that time, but was not introduced into evidence or preserved for the record on appeal.

We are not prepared to share in the State's conjecture. The record on appeal, including the transcripts, clearly shows the State's submission of the prior record level worksheet. It does not demonstrate any other evidence being submitted to the trial court to support a determination of defendant's prior record level. Accordingly, we vacate defendant's sentence as a prior record level VI, and remand for resentencing.

NO ERROR IN PART, VACATED AND REMANDED IN PART.

Judges STEPHENS and McCULLOUGH concur.

Report per Rule 30(e).