INMAN, Judge.
 

 *96
 
 Following a jury trial and conviction for attempted second degree sexual offense, Antravious Q. Briggs ("Defendant") was sentenced to an active term of 73 to 100 months in prison. Defendant gave oral notice of appeal on the day of his sentencing. A few months later, outside of Defendant's presence, the trial court issued an amended judgment resentencing Defendant to a term of 73 to 148 months in prison. Because the trial court resentenced Defendant outside of his presence, resulting in a lengthier prison term, we vacate and remand for resentencing.
 

 I.
 
 Background
 

 The State's evidence tended to show the following:
 

 On 23 June 2013, CL
 
 [2]
 
 was sexually assaulted by Defendant while she was staying with her daughter in Monroe, North Carolina. The night before, CL and her daughter had attended a cookout in the neighborhood that was also attended by Defendant. CL and her daughter went home after attending the cookout and after midnight, CL, who was sleeping on the couch in the living room, heard a knock at the front door. She answered the door and saw Defendant, who pulled her close to him and walked her to the edge of the porch. CL fell down and busted her lip, and while she was lying on the ground on her stomach, Defendant pulled
 
 *673
 
 down her pants and attempted to penetrate her anus with his penis about three or four times without success. CL was trying to get up, and told him several times that he was hurting her. Defendant eventually stopped and CL got up. CL hurried into the house. Defendant then left. The attack resulted in rectal bleeding. At some point later, CL found Defendant's wallet at the location where the attack had occurred. CL's daughter called the police, and CL was taken to the hospital in a rescue squad vehicle.
 

 Defendant was charged with second degree sexual offense. At trial, the trial court granted Defendant's motion to dismiss the charge of second degree sexual offense but submitted to the jury the lesser included offense of attempted second degree sexual offense. The jury found Defendant guilty of attempted second degree sexual offense, a Class D felony.
 

 *97
 
 At Defendant's sentencing hearing, the State presented a prior record level worksheet showing that Defendant had committed one prior felony: a drug offense in South Carolina. The prior record level worksheet was signed by the prosecutor but was not signed by Defendant or his counsel. The prosecutor explained to the trial court that she had a copy of Defendant's criminal history, but the record does not show whether she provided that document to the trial court. The prosecutor did provide to the trial court a copy of the relevant South Carolina statute and asserted that the offense was "substantially similar" to a Class H or I felony offense in North Carolina. In calculating Defendant's prior record level, the trial court included the prior felony, which added two points, found that Defendant was a prior record level II, and sentenced him to an active term of 73 to 100 months in prison. Defendant gave oral notice of appeal in open court following sentencing.
 

 About one month later, the North Carolina Division of Adult Correction ("DAC") sent notice to the Superior Court of Union County that Defendant's sentence was erroneous because the maximum prison term did not correspond to the minimum prison term. For a Class D felony sexual offense, the correct maximum term that corresponds with a minimum of 73 months is 148 months. N.C. Gen. Stat. § 15A-1340.17(f) (2015). Judge W. David Lee of the Union County Superior Court issued an amended judgment in response to the DAC notice, resentencing Defendant outside of his presence to a term of 73 to 148 months.
 

 II.
 
 Analysis
 

 A. Jurisdiction
 

 Defendant did not give notice of appeal from the amended judgment following the resentencing outside of his presence. The State does not address in its brief the jurisdictional concern that Defendant has failed to give timely notice of appeal. We elect to treat Defendant's appellate brief as a petition for writ of certiorari for review of the amended judgment and grant his petition.
 
 See
 
 N.C. R. App. P. 21 (2016);
 
 State v. Jarman
 
 ,
 
 140 N.C.App. 198
 
 , 201,
 
 535 S.E.2d 875
 
 , 878 (2000).
 

 B. Resentencing Outside Defendant's Presence
 

 Defendant asserts that the trial court erred in amending Defendant's sentence outside of his presence. We agree. Defendant had a right to be present at sentencing and the trial court prejudicially erred. We therefore remand for resentencing.
 

 On appeal, this Court reviews
 
 de novo
 
 whether a defendant was improperly sentenced outside his presence.
 

 *98
 

 State v. Arrington
 
 ,
 
 215 N.C.App. 161
 
 , 166,
 
 714 S.E.2d 777
 
 , 781 (2011). "In every criminal prosecution it is the right of the accused to be present throughout the trial, unless he waives the right."
 
 State v. Pope
 
 ,
 
 257 N.C. 326
 
 , 330,
 
 126 S.E.2d 126
 
 , 129 (1962). "It is well-settled that a defendant has a right to be present at the time that his sentence is imposed."
 
 State v. Leaks
 
 , --- N.C.App. ----, ----,
 
 771 S.E.2d 795
 
 , 799 (2015).
 

 In
 
 Leaks
 
 , the defendant was sentenced in court as a level V offender to a term of 114 to 146 months active imprisonment, but the trial court later entered written judgments, outside of the defendant's presence, sentencing him to 114 to 149 months active imprisonment.
 

 Id.
 

 at ----,
 
 771 S.E.2d at 799
 
 . The sentence reflected in the written judgments
 
 *674
 
 was the one imposed upon the defendant.
 

 Id.
 

 at ----,
 
 771 S.E.2d at 799
 
 . This Court held that "[b]ecause the written judgments reflect a different sentence than that which was imposed in defendant's presence during sentencing, we must vacate defendant's sentence and remand for the entry of a new sentencing judgment."
 

 Id.
 

 at ----,
 
 771 S.E.2d at 800
 
 .
 

 Here, Defendant was sentenced to 73 to 100 months imprisonment at the sentencing hearing following Defendant's trial. He was resentenced over two months later to a term of 73 to 148 months outside of his presence. The amended written judgment shows "a different sentence than that which was imposed in [D]efendant's presence."
 

 Id.
 

 at ----,
 
 771 S.E.2d at 800
 
 . Therefore, like the Court in
 
 Leaks
 
 , we must vacate Defendant's sentence and remand for resentencing in Defendant's presence.
 

 The State argues that the trial court was simply correcting a mistake in amending the judgment. It asserts that since Defendant was, in fact, present at the sentencing hearing, the trial court's correction of a mistake in the maximum term was not error. We reject this argument. Regardless of whether the change in Defendant's sentence was merely correcting a mistake, the prison term ultimately imposed upon Defendant was imposed outside Defendant's presence and substantially increased the maximum term. Such a change in the sentence "could only be made in ... Defendant's presence, where he and/or his attorney would have an opportunity to be heard."
 
 State v. Crumbley
 
 ,
 
 135 N.C.App. 59
 
 , 67,
 
 519 S.E.2d 94
 
 , 99 (1999).
 

 C. Prior Record Level
 

 Since we are remanding for resentencing, we also address Defendant's other issue related to sentencing.
 
 See
 

 State v. Midyette
 
 ,
 
 87 N.C.App. 199
 
 , 203,
 
 360 S.E.2d 507
 
 , 509 (1987) ("Because it is necessary to remand this case for resentencing, we deem it appropriate to briefly discuss defendant's other assignment of error relating to the sentencing hearing.").
 

 *99
 
 Defendant argues that the trial court erred when it sentenced him as a prior record level II offender because there was insufficient evidence to support the prior record level determination. We disagree.
 

 "This Court reviews the calculation of a prior record level
 
 de novo
 
 ."
 
 State v. Boyd
 
 ,
 
 207 N.C.App. 632
 
 , 642,
 
 701 S.E.2d 255
 
 , 261 (2010). "This review is appropriate even though no objection, exception, or motion has been made in the trial division."
 

 Id.
 

 (internal quotation marks omitted). For a trial court to calculate a defendant's prior record level, " '[t]he State bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction.' "
 

 Id.
 

 ,
 
 701 S.E.2d at 262
 
 (quoting N.C. Gen. Stat. § 15A-1340(f)(2009) ).
 

 Under N.C. Gen. Stat. § 15A-1340.14(f) (2015), a prior conviction must be proven by:
 

 (1) Stipulation of the parties.
 

 (2) An original or copy of the court record of the prior conviction.
 

 (3) A copy of records maintained by the Department of Public Safety, the Division of Motor Vehicles, or of the Administrative Office of the Courts.
 

 (4) Any other method found by the court to be reliable.
 

 "Our Court has repeatedly held that a prior record level worksheet, standing alone, does not meet the State's burden for establishing prior convictions under N.C.G.S. § 15A-1340.14(f)."
 
 State v. English
 
 ,
 
 171 N.C.App. 277
 
 , 280,
 
 614 S.E.2d 405
 
 , 408 (2005). " '[T]he law requires more than the State's unverified assertion that a defendant was convicted of the prior crimes listed on a prior record level worksheet.' "
 
 Boyd
 
 ,
 
 207 N.C.App. at 643
 
 ,
 
 701 S.E.2d at 262
 
 (quoting
 
 State v. Jeffery
 
 ,
 
 167 N.C.App. 575
 
 , 579,
 
 605 S.E.2d 672
 
 , 675 (2004) ). "Stipulations do not require affirmative statements and silence may be deemed assent in some circumstances, particularly if the defendant had an opportunity to object, yet failed to do so."
 
 State v. Hurley
 
 ,
 
 180 N.C.App. 680
 
 , 684,
 
 637 S.E.2d 919
 
 , 923 (2006).
 

 At the sentencing hearing, the State presented only a prior record level worksheet that had not been signed by defense counsel to show Defendant's prior offense. Defense
 
 *675
 
 counsel admitted that he and Defendant had "reviewed the sheet[,]" and later stated that "[t]he State is only alleging that prior felony conviction in South Carolina." Defendant
 
 *100
 
 argues that defense counsel's statement that he had reviewed the worksheet did not amount to tacit stipulation, and that defense counsel was careful to only reference
 
 allegations
 
 about the prior conviction. Defendant contends that the State did not meet its burden of proving the prior conviction. Defendant's argument is without merit.
 

 This case is similar to
 
 Hurley
 
 . In
 
 Hurley
 
 , a prior record level worksheet was introduced by the State and defense counsel did not object to it despite knowledge of its contents.
 
 Id.
 
 at 684-85,
 
 637 S.E.2d at 923
 
 . Defense counsel asked the trial court for work release for the defendant.
 
 Id.
 
 at 684,
 
 637 S.E.2d at 923
 
 . This Court held that, "[w]hile the sentencing worksheet submitted by the State was alone insufficient to establish [the] defendant's prior record level, the conduct of [the] defendant's counsel during the course of the sentencing hearing constituted a stipulation of [the] defendant's prior convictions sufficient to meet the requirements of N.C. Gen. Stat. § 15A-1340.14(f)."
 
 Id.
 
 at 685,
 
 637 S.E.2d at 923
 
 .
 

 Here, defense counsel acknowledged reading the prior record level worksheet submitted by the State and did not object to its inclusion of the prior South Carolina conviction. Defense counsel asked that the trial court not sentence Defendant at the top of the presumptive range, acknowledging that the State was alleging the prior conviction as a basis for the sentencing range. Defendant argues that this case is distinguishable from
 
 Hurley
 
 because defense counsel referred to the worksheet's "allegation" of the prior conviction, indicating that "he did not accept that allegation as true." However, regardless of whether defense counsel accepted the allegation as true, he did not object to its inclusion and did not argue that the trial court should sentence Defendant as a prior record level I offender. Here, as in
 
 Hurley
 
 , we hold that defense counsel's lack of objection despite the opportunity to do so constituted a stipulation to Defendant's prior felony conviction.
 
 See
 
 id.
 

 III.
 
 Conclusion
 

 For the foregoing reasons, we hold that the trial court prejudicially erred in resentencing Defendant outside of his presence. Defendant's sentence is vacated and the case is remanded for resentencing.
 

 VACATED and REMANDED.
 

 Judges STEPHENS and HUNTER, JR. concur.
 

 [2]
 

 We use initials for CL to protect the privacy of the victim.